# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1227

_____

United States of America,       *
          *
         Appellee,      *   Appeal from the United States
          *   District Court for the District
   v.         *   of Minnesota.
          *
Andriy Andrew Susel,     *     [PUBLISHED]
          *
        Appellant.     *

_____

Submitted: November 15, 2005
Filed: November 22, 2005

_____

Before WOLLMAN, FAGG, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Andriy Andrew Susel worked for a software manufacturer in its production department. He stole copyrighted software from his workplace, sold the software on eBay, and delivered the software to purchasers through the United States mails. A jury convicted Susel of twelve counts of mail fraud and three counts of copyright infringement, and specifically found Susel was in the business of receiving and selling stolen property. Before sentencing, Susel objected to the jury's finding, which subjected him to an increase in his base offense level under U.S.S.G. § 2B1.1(b)(4), and asserted he should receive a three-level reduction for only partially completing his

offense under U.S.S.G. § 2X1.1(b). The district court[*] applied the § 2B1.1(b)(4) increase, denied the § 2X1.1(b) decrease, and sentenced Susel under the mandatory Sentencing Guidelines to fifty-one months in prison and three years of supervised release. A few days after sentencing, the Supreme Court decided United States v. Booker, 125 S. Ct. 738, 756-57 (2005) (holding Guidelines to be only advisory). The district court held a resentencing hearing to consider Booker's impact, and the court decided that under advisory Sentencing Guidelines, Susel's sentence should remain the same.

On appeal, Susel contends his sentence was unreasonable because his offense was only partially completed and thus he should have received a reduction in his offense level under U.S.S.G. § 2X1.1(b)(1). Although Susel had not brought about the full amount of loss intended by his fraudulent scheme, the fraud was a completed substantive offense and thus the § 2X1.1(b)(1) reduction does not apply. United States v. Carrington, 96 F.3d 1, 7-8 (1st Cir. 1996); United States v. Strozier, 981 F.2d 281, 285-86 (7th Cir. 1992). Susel's contention fails even if we assume § 2X1.1(b)(1) applies to fraud and he only partially completed his offense. According to U.S.S.G. § 2X1.1(b)(1), the decrease does not apply to attempts when "the circumstances demonstrate that the defendant was about to complete all [acts necessary for completion] but for apprehension or interruption by some . . . event beyond the defendant's control." The district court found no evidence to support Susel's theory that the offense was not ongoing and the software seized from his apartment was not going to be mailed. The court also found the offense would have been completed, but for the intervention of law enforcement. The district court's findings are not clearly erroneous. We thus agree with its conclusion that Susel was not entitled to a reduction in his offense level under § 2X1.1(b)(1).

---

[*]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

Susel also contends the district court should not have increased his offense level by two under U.S.S.G. § 2B1.1(b)(4), which applies when a theft or fraud "offense involved receiving stolen property, and the defendant was a person in the business of receiving and selling stolen property." Susel argues the increase only applies to "fences," and not to defendants who steal the property themselves, because the latter are not in the business of "receiving" stolen property. The Government acknowledges that other Circuits use a "fence" test, see United States v. Kimbrew, 406 F.3d 1149, 1152-53 (9th Cir. 2005) (citing cases), but argues the Eighth Circuit has not limited the increase to persons who act as fences, citing United States v. Collins, 104 F.3d 143 (8th Cir. 1997). We need not decide whether the increase applies to Susel, see Kimbrew, 406 F.3d at 1153 n.1 (stating propriety of enhancement's application to defendant who had stolen the goods was not raised or explicitly addressed in Collins), because any error in applying the increase to Susel is harmless. The § 2B1.1(b)(4) increase only affects the offense level of 22 for mail fraud, and not the offense level of 22 for the copyright violations. Because the highest offense level associated with the counts of conviction is applied to decide the applicable Guidelines range, see U.S.S.G. § 3D1.3(b), Susel's Guidelines range would be the same even if we held the increase does not apply to him.

Pro se, Susel argues the district court improperly calculated the amount of loss as over $400,000, the willfulness element of the copyright counts was not satisfied, and the restitution order is excessive. We reject all three arguments. First, the district court did not commit clear error in calculating the loss as the retail value of the stolen property. U.S.S.G. § 2B1.1 app. note 3(C)(i) (using fair market value to calculate loss); United States v. Russell, 913 F.2d 1288, 1292 (8th Cir. 1990) (same); U.S.S.G. § 2B5.3 app. note 2(A)(i)(I) (using retail value to calculate copyright loss). Second, Susel admitted at trial that he knew the products contained copyright notices, satisfying the willfulness element of the copyright counts. See United States v. Manzer, 69 F.3d 222, 227 (8th Cir. 1995). Last, the district court did not abuse its discretion in ordering restitution of $225,190.62. See id. at 229-30. This amount

represented the retail value of the stolen software that was sold by Susel and his roommate on eBay (amounting to lost sales to the software company of $220,813.50), plus the software company's administrative ($4283.52) and transportation ($93.60) costs incurred during participation in the investigation and prosecution of the offense.

We thus affirm the district court.

_____