[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16515
Non-Argument Calendar

_____

D. C. Docket No. 05-00042-CR-F-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TARIO STAMPS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(November 28, 2006)

Before DUBINA, CARNES and FAY, Circuit Judges.

PER CURIAM:

Tario Stamps and a codefendant were charged with three counts of bank robbery, in violation of 18 U.S.C. §§ 2113(d) and 2, one count of interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Hobbs Act), four counts of possession/use of a firearm during a robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (iii) and 2, and one count of retaliation against a witness or victim, in violation of 18 U.S.C. §§ 1513(b)(2) and 2. A jury found Stamps guilty of all charges and the district court sentenced Stamps to a total of 96-years' (1,152 months') imprisonment. Stamps's term of imprisonment included the consecutive minimum seven-year (84-month) term of imprisonment on the first § 924(c)(1) conviction, in which the jury found that a firearm was brandished, and consecutive 25-year (300-month) sentences on the three remaining § 924(c)(1) convictions. See § 924(c)(1)(A)(ii), (c)(1)(C). The court's restitution order included $85,000 to C & C Jewelers. On appeal, Stamps challenges the Hobbs Act jury instruction, the imposition of the three 25-year terms of imprisonment on his second through fourth § 924(c)(1) convictions, and the calculation of the restitution awarded to C & C Jewelers. For the reasons set forth more fully below, we affirm.

We review de novo the legal correctness of a jury instruction. United States v. Prather, 205 F.3d 1265, 1270 (11th Cir. 2000). "A sentencing issue not raised in the district court is reviewed for plain error, or error that is clear or obvious and

2

affects substantial rights." United States v. Richardson, 166 F.3d 1360, 1361 (11th Cir. 1999).

Stamps first challenges the Hobbs Act jury instruction, arguing that the district court erred when it overruled his objection that more than a minimal effect on interstate commerce was required to establish a violation of the Hobbs Act. The Hobbs Act provides that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . shall be fined under this title or imprisoned not more than twenty years, or both." 18 U.S.C. § 1951(a). As Stamps correctly recognizes, we have held that, to prove a violation of the Hobbs Act, the government need only show a minimal effect on commerce, not a substantial effect. United States v. Verbitskaya, 406 F.3d 1324, 1331-32 (11th Cir. 2005), cert. denied, 126 S.Ct. 1095 (2006); United States v. Gray, 260 F.3d 1267, 1275-76 (11th Cir. 2001). Thus, the district court did not err when it declined to instruct the jury that it must find a substantial effect on interstate commerce.

Again recognizing that his argument is foreclosed by precedent, Stamps next argues that the district court erred when it sentenced him to consecutive 25-year sentences on three of his § 924(c)(1) convictions, which were contained in the same indictment. Because Stamps did not raise this objection in the district court,

3

our review is for plain error. <u>Richardson</u>, 166 F.3d at 1361. For a second or subsequent § 924(c)(1) conviction, the minimum term of imprisonment is 25 years. 18 U.S.C. § 924(c)(1)(C). In <u>Deal v. United States</u>, 508 U.S. 129, 130-37, 113 S.Ct. 1993, 1995-99, 124 L.Ed.2d 44 (1993), the Supreme Court held that the second through sixth § 924(c)(1) convictions, arising from a single proceeding, were second or subsequent convictions within the meaning of § 924(c)(1). As his position is foreclosed by <u>Deal</u>, Stamps can show neither error nor plain error.

Stamps next contends that the district court clearly erred when it ordered $85,000 in restitution to C & C Jewelers, arguing that the district court should have ordered restitution based on the replacement cost of the jewelry and not its fair market value. Relying on <u>United States v. Shugart</u>, 176 F.3d 1373 (11th Cir. 1999), Stamps reasons that, although jewelry is a commodity, it is not a fungible commodity because it is not sold at a set rate, and to grant restitution based on the amount of money for which C & C Jewelers might have sold all the items gives it a windfall.

We generally review the district court's use of a particular measure of value for abuse of discretion and its finding as to a specific amount of restitution for clear error. <u>See</u> <u>Shugart</u>, 176 F.3d at 1375. However, because Stamps did not object to the district court's calculation of his restitution obligation, our review is for plain

4

error.  United States v. Dabbs, 134 F.3d 1071, 1084 (11th Cir. 1998).  "[W]here neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue."  United States v. Gerrow, 232 F.3d 831, 835 (11th Cir. 2000) (citation and quotation marks omitted).

When restitution is required for offenses resulting in the loss of the victim's property, if the property cannot be returned, the defendant must pay the greater of the "value of the property" at either the date of the loss or the date of sentencing, less the value of any property that is returned.  18 U.S.C. § 3663A(b)(1)(B).  In determining the amount of restitution, the district court is not limited to the fair market value of an item, but may also measure value based on the replacement cost.  Shugart, 176 F.3d at 1375.  "'[V]alue,' as § 3663A uses that term, contemplates a restitution order based on replacement cost where actual cash value is unavailable or unreliable. Whether actual cash value is unavailable or unreliable is an issue of fact, and a district court's decision to use replacement cost is a matter of discretion."  Id.

At trial, the owner of C & C Jewelers testified that the men who robbed his store took jewelry worth "roughly 80 something thousand in retail" and whose cost was "22, 24 thousand."  In preparing the presentence investigation report, the

5

probation officer stated that C & C Jewelers suffered a monetary loss of $85,000, and that $85,000 in restitution was owed to C & C Jewelers.

We conclude that the district court's use of the retail value of the jewelry was not plain error. It is not clear or obvious under Shugart that the district court erred in using the jewelry's retail value. In Shugart we noted the lack of marketability and uniqueness of a church, Shugart, 176 F.3d at 1375, whereas the stolen jewelry was offered for sale. Stamps cites no binding precedent considering whether restitution for either jewelry or lost inventory should be based on the retail fair market value of those goods or on the replacement cost or wholesale value of the goods. Moreover, other circuits have upheld the use of the retail or fair market value of property stolen from businesses when determining the amount of restitution. United States v. Susel, 429 F.3d 782, 784 (8th Cir. 2005) (affirming the use of retail value of stolen software sold on eBay, resulting in lost sales to the software company); United States v. Rice, 38 F.3d 1536, 1544 (9th Cir. 1994) (concluding that there was no abuse of discretion where restitution was based on "book price," which included a profit markup, rather than manufacturing cost of free samples illegally obtained by the defendant); United States v. Lively, 20 F.3d 193, 195, 200-03 (6th Cir. 1994) (affirming district court's use of the retail value of the goods rather than the cost of manufacture or the wholesale value for restitution

to mail order companies from whom the defendant fraudulently obtained merchandise).

In light of the foregoing, Stamps's convictions and sentences are **AFFIRMED.**