# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1262

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Irvin John Rill, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 20, 2009
Filed: January 20, 2010

_____

Before MELLOY, BEAM and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

In November 2005, Irvin Rill and Robert Harper, Jr., were cellmates at the St. Clair County Jail in Osceola, Missouri. Rill was being held on several state felony charges, and Harper was being held pending sentencing for federal firearms convictions. At some point in November, Rill and Harper made plans to escape from the jail. They used hacksaw blades, which had been smuggled into the jail, to cut the metal bars off the window of their cell. On November 25, they used pieces of cloth soaked in oil to burn a three-inch hole through the plexiglass that covered the window. However, their escape attempt was discovered by corrections officers the next morning before Rill and Harper were able to make a hole large enough to escape.

On May 31, 2007, Rill pled guilty to aiding and assisting another (Harper) in an attempted escape from federal custody, a violation of 18 U.S.C. §§ 752(a) and 2. At sentencing, Rill argued that his base offense level should be reduced by three levels under United States Sentencing Guidelines Manual § 2X1.1(b)(1). Section 2X1.1(b)(1) states:

> [i]f an attempt, decrease [the base offense level] by 3 levels, unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense *or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control*.

(Emphasis added.) Rill argued that he was entitled to a three-level attempt reduction because he did not complete the escape.

The district court[1] heard testimony from Rill and Deputy United States Marshall Lonnie Nance, who investigated the escape attempt after it was discovered. Deputy Nance testified that Rill and Harper removed the metal bars from the window of their cell using hacksaw blades. They then burned a three-inch hole in the plexiglass covering their window using oil-soaked cloths that they ignited. After the escape attempt was discovered, corrections officers found hacksaw blades hidden in the wall of Rill and Harper's cell. Deputy Nance estimated that, once Rill and Harper had created the three-inch hole, they could have removed the entire plexiglass panel in thirty to thirty-five minutes by using the hacksaw blades. The officers also found bed sheets tied together in the cell, which Rill and Harper could have used to lower themselves to the ground from their second-story window. Rill testified that after he and Harper cut the metal bars covering the window using hacksaw blades, they began burning the plexiglass. However, they "spent hours on this window to get the little

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

hole . . . and we just couldn't do anything and we just quit and we knew we would be caught in the morning as soon as [corrections officers] made their perimeter check." The district court denied the § 2X1.1(b)(1) reduction and sentenced Rill to 37 months' imprisonment, the low end of his advisory sentencing guidelines range. Rill appeals.

On appeal, Rill contends that the district court "was clearly erroneous in finding that 'the acts necessary for the escape were about to be completed and would have been completed but for apprehension or interruption by events beyond the Defendant's control; namely, the discovery of the escape by jail officials.'" We disagree.

We review the district court's factual findings for clear error and its application of the guidelines de novo. *United States v. Blankenship*, 552 F.3d 703, 704 (8th Cir. 2009); *United States v. Fisher*, 551 F.3d 751, 754 (8th Cir. 2008). "[W]hether a reduction under Section 2X1.1 is warranted is a fact-specific inquiry, and courts have upheld the denial of a reduction even though a defendant had not reached the 'last step' before completion of the substantive offense." *United States v. Brown*, 74 F.3d 891, 893 (8th Cir. 1996). Whether "the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption ," U.S.S.G. § 2X1.1(b)(1), is a factual finding, which we review for clear error, *United States v. Susel*, 429 F.3d 782, 783 (8th Cir. 2005) (per curiam).

The district court did not clearly err in finding that Rill was about to complete all of the acts necessary for the escape but for discovery of the escape attempt by corrections officers. Using a hacksaw blade, Rill and Harper had removed the metal bars from the window of their cell. They had burned a three-inch hole in the plexiglass covering the window. Rill and Harper also had hacksaw blades hidden in the wall of their cell. According to Deputy Nance, Rill and Harper could have removed the plexiglass panel in thirty to thirty-five minutes using the hacksaw blades once they burned the three-inch hole. Their cell contained bed sheets tied together

that they could have then used to lower themselves to the ground from their second-story window. The district court did not commit clear error in concluding that the circumstances demonstrated that Rill was about to complete all the acts necessary to escape but for apprehension by corrections officers.

The district court need not credit Rill's testimony in light of the evidence that he was about to complete the acts necessary for escape. *See United States v. Wahlstrom*, 588 F.3d 538, 542 (8th Cir. 2009). However, even if the district court had credited Rill's testimony, he would not be entitled to a three-level attempt reduction under § 2X1.1(b)(1). According to Rill, he and Harper ended their escape attempt because they "spent hours" burning a hole in the plexiglass covering the window and "just couldn't do anything." The fact that the plexiglass was stronger than Rill expected is an "interruption by some similar event beyond [his] control." *See* U.S.S.G. § 2X.1(b)(1); *see also United States v. Chapdelaine*, 989 F.2d 28, 35-36 (1st Cir. 1993) (finding that the early departure of the armored truck that the defendants were going to rob was an "interruption by some similar event beyond the defendant's control" under § 2X1.1(b)).

We thus agree with the district court that Rill was not entitled to a three-level reduction in his base offense level under § 2X1.1(b)(1), and we affirm the judgment of the district court.

_____