# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2864

_____

United States of America

*Plaintiff - Appellee*

v.

Wayne Earl Jones, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: March 9, 2015
Filed: June 30, 2015

_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Wayne Jones, Jr. and an accomplice agreed with an undercover agent to rob a cocaine stash house, kill the stash house's two guards, and sell the stolen cocaine. Unknown to Jones and his accomplice, the stash house and the guards were fictitious. When Jones and his accomplice arrived with guns on the morning the robbery was set to occur, authorities arrested them. Jones pleaded guilty to conspiring to use a firearm during a drug-trafficking crime. At his sentencing, he requested a three-level

reduction under United States Sentencing Guidelines § 2X1.1(b)(2) because the object of the conspiracy, from the outset, could not have come to fruition. The district court[1] denied Jones's request. Because the district court did not clearly err by finding the circumstances showed Jones would have completed all the acts necessary to complete the object of the conspiracy but for federal agents' intervention, we affirm.

I

In late August 2011, ATF agents received information that Jones and an accomplice were robbing drug dealers in the Little Rock, Arkansas, area. A confidential informant set up a meeting between Jones and an undercover ATF agent. The agent convinced Jones that he was running cocaine from Little Rock to Detroit and receiving only $500 per kilogram delivered. The agent told Jones he wanted to rob a cocaine stash house in Little Rock because he was unhappy with his remuneration. The story was false—no stash house existed.

During a series of recorded meetings, Jones and an accomplice planned the robbery with the agent. They planned to rob the stash house at gunpoint, kill the two guards, and steal between five and twenty kilograms of cocaine. Jones and his accomplice would split the stolen cocaine with the agent and then either buy the agent's portion of cocaine or help the agent sell the cocaine in the Little Rock area.

On September 12, 2011, Jones and his accomplice met the agent at a hotel to finalize their plans for the robbery. Jones and his accomplice brought four loaded guns with them to the meeting. The next morning, Jones and his accomplice met the

---

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

agent to conduct the robbery. Both would-be robbers and drug traffickers assured the agent that they had brought guns with them. The agent convinced Jones and his accomplice to follow him to a separate location to pick up a car for use during the robbery. When the group arrived at the location, however, other federal agents were waiting. One ATF agent saw Jones take two objects from his waistband and throw them under the vehicle Jones had arrived in. Agents arrested Jones and his accomplice.

Upon searching the scene, agents found three loaded guns on the ground. Agents found another loaded gun inside Jones's vehicle. The undercover agent identified the four guns as the same guns he had seen the previous night at the hotel.

A grand jury indicted Jones and his accomplice for various gun- and drug-related crimes. One of the charges was for conspiracy to use or carry a firearm during and in relation to a drug-trafficking crime, a violation of 18 U.S.C. § 924(o). Jones pleaded guilty to the conspiracy charge in exchange for dismissal of the other charges.

At his sentencing, Jones objected to his presentence report (PSR) and requested a three-level reduction under U.S.S.G. § 2X1.1(b)(2). Material to Jones's case and this appeal, section 2X1.1(b)(2) explains a three-level reduction applies "unless . . . the circumstances demonstrate that the conspirators were about to complete all [acts necessary to complete the substantive offense] but for apprehension or interruption by some similar event beyond their control." The parties agreed that the underlying substantive offense was drug trafficking, and Jones's PSR showed an offense level of 32 and a criminal history category VI. The corresponding Guidelines range was 210–262 months, although the statutory maximum was only 240 months. With the three-level reduction, the range would have been 151–188 months.

Jones argued essentially that, because federal agents could have stopped the conspiracy at any moment and because the conspiracy was factually impossible to complete, he was entitled to the reduction. The district court disagreed and overruled Jones's objection. With a corresponding Guidelines range of 210–240 months, the district court sentenced Jones to 210 months' imprisonment. Jones appeals, alleging the denial of the reduction as a procedural error.

II

The parties agree "[w]hether the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption is a factual finding, which we review for clear error." United States v. Rill, 592 F.3d 863, 865 (8th Cir. 2010) (internal quotation marks and citations omitted); see also United States v. Brown, 74 F.3d 891, 893 (8th Cir. 1996) (explaining "whether a reduction under Section 2X1.1 is warranted is a fact-specific inquiry" and addressing Appellant's argument that "the denial of the reduction was clearly erroneous"). By rejecting Jones's argument, the district court implicitly found, as matter of fact, that Jones would have followed through with the robbery had he been given the opportunity. We review this determination only for clear error.

The district court had to determine whether it was "reasonabl[y] certain[]" that Jones would have committed the robbery and subsequent drug trafficking but for some factor beyond Jones's control. See U.S.S.G. § 2X1.1(a); United States v. McGarr, 330 F.3d 1048, 1050 (8th Cir. 2003). The district court's determination "necessarily involve[d] uncertainty." McGarr, 330 F.3d at 1050. Looking at the record, however, the facts as admitted at Jones's plea hearing as well as the uncontested circumstances described in Jones's PSR supported the district court's conclusion that he would have completed the substantive offense but for events beyond his control.

- 4 -

To the extent that Jones relies on some type of factual-impossibility argument, we have previously held factual impossibility constitutes an event beyond the defendant's control such that the reduction is inappropriate. See Rill, 592 F.3d at 866 (affirming a denial of the three-level reduction where the defendant claimed he stopped trying to escape from his cell when he and a co-conspirator made no progress burning through a plexiglass window, making it impossible to escape); McGarr, 330 F.3d at 1051 ("Removal of the targets[, undercover FBI agents,] due to safety concerns was clearly an event beyond the conspirators' control."); see also United States v. Chapdelaine, 989 F.2d 28, 35–36 (1st Cir. 1993) (affirming a denial of a reduction where the reason the substantive offense did not occur was because the robbery was "thwarted only by the unexpected early departure of the Wells Fargo truck"). The district court did not clearly err by finding Jones would have completed the substantive offense.

The judgment of the district court is affirmed.

_____