# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3568
_____

United States of America

*Plaintiff - Appellee*

v.

James A. Jones

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: June 13, 2022
Filed: September 27, 2022
_____

Before LOKEN, ARNOLD, and KELLY, Circuit Judges.
_____

LOKEN, Circuit Judge.

On November 9, 2020, a Kansas City nightclub surveillance camera recorded Raymond Douglas pulling a gun as he approached a parked vehicle. Someone in the vehicle shot Douglas. James Jones was in the parking lot. He picked up the gun Douglas dropped and left the scene before police arrived. Douglas was transported to a hospital and pronounced dead. The next day, police stopped Jones driving a vehicle and took him into custody on an outstanding felony warrant. On the front

passenger seat, they found a holstered handgun in a green bag that also contained 83.5 grams of marijuana and a digital scale. In the center console were eleven counterfeit $100 bills and $1,843 in cash. Jones denied being involved in the shooting but admitted he took the gun, knew he was a convicted felon, regularly smoked marijuana, and sold marijuana to supplement his income.

Jones was charged with and pleaded guilty to unlawful possession of a firearm by a felon. See 18 U.S.C. §§ 922(g)(1); 924(a)(2). The presentence investigation report recommended an advisory guidelines sentencing range of 57 to 71 months imprisonment, based on Jones's prior conviction for a crime of violence (second-degree robbery) plus enhancements for possessing a stolen firearm and possession in connection with another felony offense. See USSG §§ 2K2.1(a)(4), (b)(4), (b)(6). At sentencing, the district court[1] overruled Jones's objection to the stolen firearm enhancement, adopted the PSR's recommended guidelines range, and sentenced Jones to 71 months imprisonment, the top of that range. Jones appeals, arguing the sentence is substantively unreasonable. Reviewing the sentence under the governing deferential abuse-of-discretion standard, we affirm. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review).

At sentencing, stating that it was crafting a sentence sufficient but not greater than necessary to comply with the 18 U.S.C. § 3553 factors, the district court noted that Jones's unlawful possession of a firearm with drugs and counterfeit money was inconsistent with his claim that he was a man trying to change his life. The court observed that the offense conduct continued Jones's history of crimes involving firearms and deadly weapons -- the prior second-degree robbery conviction and nine robbery and armed criminal action charges pending in state court. The court

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

concluded that "ultimately my obligation [is] to protect the public" and that carrying guns and drugs naturally leads to shootings and other public harms.

A sentence within the advisory guidelines range is presumptively reasonable. United States v. Huston, 744 F.3d 589, 593 (8th Cir. 2014). Jones argues his 71-month sentence at the top of his guidelines range is nonetheless substantively unreasonable because the range includes a four-level, 20-to-25-month increase for possessing the firearm in connection with another felony offense. Without the enhancement, his advisory range would be 37 to 46 months. He concedes the guidelines range was properly calculated because a four-level § 2K2.1(b)(6)(B) enhancement is imposed regardless of the severity of the other felony offense. But he argues this is an unreasonably disproportionate increase because the advisory range for the other felony offense that triggered the § 2K2.1(b)(6)(B) increase -- possession with intent to distribute small, user amounts of marijuana -- is 2 to 8 months. See USSG § 2D1.1(c)(17), Ch. 5, Pt. A. Thus, a properly proportionate increase for this other felony offense would result in a 39 to 54 month advisory range.

After careful review, we conclude this is not the "unusual case" where we should reverse a sentencing decision as substantively unreasonable. Feemster, 572 F.3d at 464. Jones's argument, while perhaps plausible with a different sentencing record, founders on the facts of this case. As the government notes, possession with intent to distribute small, user amounts of marijuana is not the only other felony offense that Jones likely committed. Also in his vehicle were multiple counterfeit bills likely used to purchase marijuana that produced the $1,843 in cash. And possession of the firearm with a distribution quantity of marijuana subjected him to an additional charge of possession in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c), an offense that results in a minimum consecutive five-year sentence. Thus, properly applying the § 2K2.1(b)(6)(B) enhancement did not result in a "disproportionately" unreasonable advisory guidelines range.

-3-

Moreover, as the district court noted, there were other aggravating factors warranting a sentence at the top of the advisory range. Jones picked up a gun dropped by a shooting victim and walked away, while others rushed to assist the fatally wounded victim. By leaving with the gun, Jones undoubtedly interfered with the investigation that would follow. For example, the video suggested that the victim was the aggressor in the shooting, so removing his weapon from the scene could result in the shooter being wrongly charged with first degree murder. Jones's criminal history is another serious aggravating factor -- prior convictions for second-degree robbery, assault, and felon in possession of a firearm; serious misconduct while on prior supervision; and nine pending felony charges.

District courts have "wide latitude" in weighing the relevant § 3553 factors. United States v. Thibeaux, 784 F.3d 1221, 1227 (8th Cir. 2015). This is not the rare case where a presumptively reasonable guidelines range sentence is substantively unreasonable. The judgment of the district court is affirmed.

_____