# 𝔘United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2610
No. 23-1245

_____

United States of America

*Plaintiff - Appellee*

v.

Adrian Lamar Weems

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: January 13, 2023 and July 31, 2023
Filed: August 11, 2023

_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

In 2016, Adrian Lamar Weems pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. He was sentenced to 120 months' imprisonment followed by five years of supervised release. One special condition of supervised release required him to participate in a

sex offender treatment program. At sentencing, the district court[1] overruled Weems's objection to this special condition because the government advised that he "had just been released from prison in 2014 for violating the terms of his Sex Offender Registry."[2] Weems appealed. We affirmed, declining to consider Weems's *pro se* claim of ineffective assistance of counsel, enforcing his partial appeal waiver, and rejecting his claim that the district court "abuse[d] its discretion in imposing the special conditions of supervised release." United States v. Weems, 683 Fed. App'x. 544, 544-45 (8th Cir. 2017).

Weems began his term of supervised release on May 17, 2022. The next day, he told his probation officer that he would not participate in sex offender treatment as it did not pertain to his drug offense. At the ensuing revocation hearing, Weems stated:

> I'm here on a drug case, and for the courts to say that I have to participate in something that's not related, then that goes against my rights. . . . I am not going to do something that ain't got nothing to do with my case.

Noting that this was a special condition upheld on appeal, the district court[3] stated:

---

[1]The Honorable John A. Jarvey, then Chief Judge of the United States District Court for the Southern District of Iowa, imposed the original sentence.

[2]In 2008, Weems pleaded guilty in Illinois state court to aggravated criminal sexual abuse of a victim under thirteen years old. In 2010, after serving this sentence, Weems pleaded guilty to providing false information in his sex offender registration. This seven-year Illinois sentence was discharged in June 2014.

[3]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

Defendants do not get to choose which of their conditions they want to and do not want to follow. It is an order of the Court that must be followed. . . . [T]hat is not a violation of his rights . . . and [his refusal to comply] simply cannot stand.

The court imposed a revocation sentence of six months' imprisonment followed by five years of supervised release, reimposing all prior special conditions, including requirements that Weems participate in sex offender treatment programming and spend 180 days in a residential reentry center upon his release from custody. Weems objected to the sex offender treatment special condition and appealed. That is Docket No. 22-2610. He argued the district court abused its discretion by imposing a condition that does not reasonably relate to the relevant sentencing factors.

While that appeal was pending, Weems was released from custody and again began supervised release on December 23, 2022. He immediately failed to abide by the rules of the residential reentry center by refusing to sign three required intake forms, a mental health release, a drug abuse program release, and a generalized information release, releases used by treatment providers to obtain various records. Probation then commenced a second revocation proceeding. At the January 2023 revocation hearing, Weems stated that he refused to comply with the intake process because "it doesn't have nothing to do with my case. I'm on a drug case. . . . I just want to do my time for the drug case." The district court[4] sentenced Weems to eight months' imprisonment, followed by sixty months' supervised release "on the same conditions that were previously imposed." The court explained:

I'm not ready yet to give up on supervised release for you. . . . I sincerely hope, Mr. Weems, that you give thought to whether those supervised release conditions are things that you're willing to live with

---

[4]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

-3-

after all because, again, they are designed in substantial part to help you, if you'll let them.

Weems appealed this second revocation sentence. That is our Docket No. 23-1245. We consolidate the two appeals and address both in this opinion.

In No. 23-1245, Weems's counsel filed a brief and moved to withdraw under Anders v. California, 386 U.S. 738 (1967), arguing the district court abused its discretion by imposing a substantively unreasonable revocation sentence. We granted counsel's motion to withdraw and granted Weems leave to file a *pro se* supplemental brief. He timely filed a supplemental brief.

The issue in the first revocation proceeding -- Weems's refusal to attend sex offender treatment -- is behavior "capable of repetition" while "evading review." United States v. Melton, 666 F.3d 513, 515 n.3 (8th Cir. 2012). Therefore, when the appeal in No. 23-1245 was filed, we delayed ruling on the mootness issue, anticipating Weems might challenge reimposition of this special condition in the second revocation sentence. Cf. United States v. Griffin, 832 Fed. App'x. 462 (8th Cir. 2020). But he has not done so. Neither brief in No. 23-1245 challenges the special conditions of supervised release reimposed in the second revocation sentence, including the sex offender treatment condition. The condition challenged in No. 22-2610 was reimposed in the second revocation sentence and not challenged in the appeal of that sentence. Therefore, we dismiss the appeal in No. 22-2610 as moot.

That neither Weems nor his counsel again raised the sex offender treatment condition in No. 23-1245 is understandable. As the district court noted in response to Weems's argument at the first revocation hearing, we have "upheld special conditions of supervised release not directly related to the offense for which the defendant is being sentenced where the special conditions are related to another offense that the defendant previously committed." United States v. Stelmacher, 891

-4-

F.3d 730, 733 (8th Cir. 2018) (quotation omitted). And this condition was upheld on direct appeal. Weems, 683 Fed. App'x at 545.

Turning to the appeal in No. 23-1245, Weems's counsel argues the second revocation sentence is substantively unreasonable because the district court did not give adequate weight to "the mitigation evidence surrounding the circumstances of Weems' violation that was submitted by proffer and by Weems." However, the district court did consider mitigating circumstances and carefully explained, in the context of the § 3553(a) sentencing factors, why it imposed a term of imprisonment. The court noted that Weems's unwillingness to sign reentry documents and go through needed evaluation and treatment affects whether a term of imprisonment is needed to afford adequate deterrence, protect public safety, and provide Weems with training, medical care, and correctional treatment he needs. The court sentenced Weems to eight months' imprisonment, the middle of his revocation guidelines range, five to eleven months. A within-range sentence is afforded a presumption of reasonableness. See, e.g., United States v. Jones, 49 F.4th 1144, 1145 (8th Cir. 2022). Reviewing for abuse of the district court's substantial revocation sentencing discretion, we conclude the sentence is not substantively unreasonable. See United States v. Hobbs, 710 F.3d 850, 852 (8th Cir. 2013) (standard of review).

As we understand Weems's supplemental pro se brief, he argues that the state and federal statutes requiring a sex offender to register where he resides, which were the basis for his second Illinois sex offender conviction, are unconstitutional, and a ruling to that effect "would necessarily imply the invalidity of [his] current conviction." He acknowledges that "[m]any of these constitutional challenges have already been rejected," but he argues that his counsel provided ineffective assistance in failing to raise these issues. It is unclear how and in what proceeding Weems is asserting that counsel was ineffective for failing to challenge his sex offender registration obligations. But in any event, like the claim of ineffective assistance Weems raised in his prior appeal, we decline to consider the claim on this direct

appeal of his revocation sentence. <u>Weems</u>, 683 F. App'x at 454; <u>see</u> <u>United States v. Sanchez-Gonzalez</u>, 643 F.3d 626, 628-29 (8th Cir. 2011).

Weems further argues that his second revocation sentence is contrary to the decision in <u>United States v. Haymond</u>, 139 S. Ct. 2369 (2019). This contention is without merit. <u>Haymond</u> held that 18 U.S.C. § 3583(k), which required imposing a mandatory revocation sentence when a defendant required to register under SORNA committed certain offenses, violates the defendant's Sixth Amendment right to jury trial. Section 3583(k) was not at issue in Weems's revocation sentencings. Consistent with the Supreme Court opinions in <u>Haymond</u>, we have limited that decision "to § 3583(k), not to all cases under § 3583." <u>United States v. Childs</u>, 17 F.4th 790, 792 (8th Cir. 2021).

In No. 22-2610, we dismiss the appeal as moot. In No. 23-1245, we affirm the judgment of the district court.

_____