# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1759
_____

United States of America

*Plaintiff - Appellee*

v.

Rufus E. Dennis

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: May 11, 2023
Filed: August 24, 2023
_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

Rufus Dennis was convicted of attempted Hobbs Act robbery and three firearm charges, including possession of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c). Dennis argues that there is insufficient evidence to support his attempted Hobbs Act robbery conviction and that his § 924(c) conviction should be vacated in light of *United States v. Taylor*, 142 S. Ct. 2015 (2022). He also challenges his sentence's substantive reasonableness. We affirm his attempted

Hobbs Act robbery conviction but vacate his § 924(c) conviction under *Taylor*. We also vacate Dennis's sentence and remand for resentencing.

## I.

A confidential informant (CI) reported that Dennis was planning a robbery. According to the CI, Dennis was targeting a stash house, where he believed a drug dealer named "Rock" lived and dealt drugs. The FBI arranged an undercover investigation.

To prepare for the robbery, the CI and Dennis made several trips to the house. During their first trip, Dennis discussed a plan where he would wear a work vest and claim that he was with the gas company. Dennis had the work vest with him, tried it on, and practiced saying, "This is Infosource . . . I need to check your meter." On another trip, Dennis and the CI observed a woman, L.B., coming and going from the house. Dennis said that he would tase L.B. if she was there when they broke in.

Dennis told the CI that he was concerned about being identified. They discussed robbing the house at night instead of during the day with a disguise. Dennis also told the CI that he was "hot" because he was on parole for murder and that he was not going back to prison; he planned to rob the stash house and leave the state.

Dennis wanted a weapon for the robbery. He had a rifle but said that he would only go through with the plan if he had something less visible. The CI introduced Dennis to his "co-worker"—an undercover FBI agent—who was looking to sell a handgun. The "co-worker" and Dennis planned to trade Dennis's rifle for the handgun. But before the trade, Dennis was arrested, and his rifle was recovered. Police later learned that the house Dennis targeted was not a stash house and that "Rock" did not live there. Rather, L.B., "Rock's" ex-girlfriend, lived there with her children.

Dennis was charged with attempted Hobbs Act robbery, 18 U.S.C. § 1951(a); being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1); possession of a stolen firearm, 18 U.S.C. §§ 922(j) and 924(a)(2); and possession of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A). Before trial, Dennis moved to dismiss his attempted robbery and § 924(c) charges. The district court denied the motion but allowed Dennis to reassert it as a motion for acquittal. Dennis did, and the district court again denied the motion. The jury then returned a guilty verdict on all four charges. At sentencing, the district court varied up and sentenced Dennis to 210 months in prison on the first three convictions and 60 months on the § 924(c) conviction, to be served consecutively.

## II.

We review *de novo* the denial of a motion for acquittal based on the sufficiency of the evidence, *United States v. Druger*, 920 F.3d 567, 569 (8th Cir. 2019), and "view[] the evidence in the light most favorable to the guilty verdict," *United States v. Thompson*, 533 F.3d 964, 970 (8th Cir. 2008).

The Hobbs Act prohibits attempted robbery that affects commerce. 18 U.S.C. § 1951(a). To be convicted of an attempt crime, the defendant must take a "substantial step" toward committing the crime. *United States v. Joyce*, 693 F.2d 838, 841 (8th Cir. 1982). Dennis argues that his actions did not affect commerce and that he did not take a "substantial step" toward committing the robbery. We address each argument in turn.

Under the Hobbs Act, "attempt[ing] to rob a drug dealer of drugs or drug proceeds" satisfies the commerce requirement because the robber "attempts to affect commerce over which the United States has jurisdiction." *Taylor v. United States*, 579 U.S. 301, 303 (2016). Because the house Dennis targeted did not actually belong to a drug dealer, Dennis argues that there would have been no impact on interstate commerce if he completed the robbery. But "where the target of a robbery is a drug dealer, proof that the defendant's conduct in and of itself

-3-

affected . . . commerce is not needed." *Id.* at 309. "[I]t is enough that [Dennis] *knowingly* . . . attempted to steal drugs or drug proceeds" because "the market for illegal drugs is 'commerce over which the United States has jurisdiction.'" *Id.* (emphasis added). Because the evidence established that Dennis knowingly targeted "Rock," a drug dealer, the Government satisfied the commerce element.

We now turn to whether Dennis's actions amount to attempt. Attempt requires a "substantial step," which must be more than "mere preparation" but may be less than "the last act necessary" to commit the crime. *United States v. Burks*, 135 F.3d 582, 583 (8th Cir. 1998) (citation omitted). At the time he was arrested, Dennis argues, it was still unclear whether the plan was to rob the house during the day with a disguise or at night. He also argues that the date was not set in stone and that he had not secured the handgun that was an essential part of the plan.

In *United States v. Johnson*, defendants surveilled a bank, went inside before the robbery, and bought disguises to help them in the planned robbery. 962 F.2d 1308, 1310–11 (8th Cir. 1992). There, we held that the defendants crossed the "shadowy line" from mere preparation to attempt. *Id.* at 1312. Here, Dennis repeatedly surveilled the home and practiced his disguise as a gas company employee, even trying on a work vest and rehearsing what he would say to enter the house. He recruited the CI to assist him and arranged to trade his rifle for a handgun. Viewing the evidence in the light most favorable to the verdict, we find that the jury could have reasonably found that Dennis crossed the "shadowy line" to attempt. *See United States v. St. John*, 716 F.3d 491, 493 (8th Cir. 2013) (noting that we "will affirm the jury's verdict if, taking all facts in the light most favorable to the verdict, a reasonable juror could have found the defendant guilty of the charged conduct beyond a reasonable doubt" (cleaned up)).

Dennis also argues that, given the circumstances of his attempt, the district court erred when it declined at sentencing to reduce his base offense level for attempted Hobbs Act robbery by three levels. *See* U.S.S.G. § 2X1.1(a)–(b). Under § 2X1.1(b)(1), an attempt calls for a three-level reduction unless "the circumstances

-4-

demonstrate that the defendant was about to complete all [acts he believed necessary for successful completion of the substantive offense] but for apprehension or interruption by some similar event beyond [his] control." At sentencing, the district court found that but for the police intervention, Dennis would have invaded L.B.'s home. We review this finding for clear error and find none. *See United States v. Rill*, 592 F.3d 863, 865 (8th Cir. 2010); *see also United States v. Brown*, 74 F.3d 891, 893 (8th Cir. 1996) (explaining that "whether a reduction under Section 2X1.1 is warranted is a fact-specific inquiry").

Dennis argues that he was arrested before he got his weapon of choice and before he decided when to invade L.B.'s home. He claims that without having committed these final acts, he is entitled to § 2X1.1(b)(1)'s three-level reduction. But we "have upheld the denial of a reduction even though a defendant had not reached the 'last step' before completion of the substantive offense." *Brown*, 74 F.3d at 893; *accord United States v. McGarr*, 330 F.3d 1048, 1050–51 (8th Cir. 2003) (explaining that a § 2X1.1(b) ruling is one "based on probabilities," which "necessarily involves uncertainty"). The district court had to decide whether it was "reasonably certain" that Dennis would have committed the robbery "but for some factor beyond [his] control." *United States v. Jones*, 791 F.3d 872, 874 (8th Cir. 2015) (cleaned up) (citation omitted).

Here, Dennis repeatedly surveilled L.B.'s home. He donned a disguise and scripted his false entry. He had a rifle and planned to neutralize, if necessary, those he found inside. But he preferred to wield a handgun and told his fake accomplice he wouldn't rob the house without one. Just before the trade, he was arrested. All told, the district court did not clearly err by finding the circumstances showed Dennis was about to complete all the acts he believed necessary to complete the Hobbs Act robbery but for the police's intervention.

III.

Having upheld Dennis's conviction for attempted Hobbs Act robbery, we now consider whether we should vacate his § 924(c) conviction. After Dennis's trial, the Supreme Court decided *United States v. Taylor* and held that "*attempted* Hobbs Act robbery does not satisfy the elements clause" of § 924(c). 142 S. Ct. at 2020. This means that Dennis's attempted Hobbs Act robbery conviction no longer qualifies as a predicate crime of violence for his § 924(c) conviction.[1] So we vacate his § 924(c) conviction in accordance with *Taylor*.

In doing so, we apply the sentencing package doctrine and "vacate the entire sentence on all counts so that, on remand, the trial court can reconfigure the sentencing plan to ensure that it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." *Greenlaw v. United States*, 554 U.S. 237, 253 (2008); *see also United States v. McArthur*, 784 F. App'x 459, 461 (8th Cir. 2019) (per curiam) (applying the sentencing package doctrine where the defendant, who had been charged in a multicount indictment and convicted of several crimes, successfully challenged one of those convictions based on an intervening Supreme Court case). The district court may "impose[] a sentence on the remaining counts longer than the sentence originally imposed on those particular counts, but yielding an aggregate sentence no longer than the aggregate sentence initially imposed." *Greenlaw*, 554 U.S. at 253.

IV.

For the reasons above, we affirm Dennis's attempted Hobbs Act robbery conviction but vacate his § 924(c) conviction. We also affirm his convictions for

---

[1]*Taylor* applies to all cases "pending on direct review or not yet final" as of June 21, 2022, the day the Court decided *Taylor*. *See Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).

being a felon in possession of a firearm and for possession of a stolen firearm.[2] Finally, we vacate Dennis's entire sentence and remand for resentencing.

_____

_____

[2]Dennis also raised an ineffective assistance of counsel claim on appeal. But the record is undeveloped on this issue, and Dennis did not raise it below, so we decline to address it on appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826–27 (8th Cir. 2006) (explaining that ineffective-assistance claims are generally not decided on direct appeal unless "the record has been fully developed," the failure to act "would amount to a plain miscarriage of justice," or "counsel's error is readily apparent").