# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-3742

_____

United States of America

*Plaintiff - Appellee*

v.

Dante D. Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: September 15, 2025
Filed: April 1, 2026

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

LOKEN, Circuit Judge.

Dante Williams pleaded guilty to committing murder with a firearm during a crime of violence in violation of 18 U.S.C. § 924(j) (Count I) and two counts of interference with commerce by robbery in violation of 18 U.S.C. § 1951 (Counts II and III). The statutory maximum sentences are life on Count I and 20 years on Counts II and III. The advisory guidelines sentencing range is 360 months to life.

The district court[1] sentenced Williams to 660 months imprisonment, consisting of 540 months on Count I and a consecutive term of 120 months on Counts II and III. Williams appealed the sentence, arguing it is substantively unreasonable. After sentencing, the Supreme Court issued its decision in United States v. Taylor, holding that § 1951 robbery is not a crime of violence under § 924. 596 U.S. 845, 852, 860 (2022). We directed supplemental briefing.

After the government conceded that Count I must be vacated pursuant to Taylor, we vacated the conviction and sentence on Count I and remanded the remaining counts to the district court for resentencing. We found "this case to be an appropriate case for application of the sentencing package doctrine [b]ecause the convictions that remain valid were imposed by the district court on the assumption that [Williams] would serve a 540-month sentence, and that sentence has now been vacated." United States v. Williams, No. 21-2489, 2023 WL 3590705, at *1 (8th Cir. May 23, 2023) (Williams I) (unpublished per curiam). On remand, the district court resentenced Williams to consecutive sentences of 222 months imprisonment on each of the § 1951 convictions, Counts II and III. Williams again appeals the sentence, arguing the district court erred in applying the sentencing package doctrine and in failing to explain the two equivalent 222-month sentences, and the sentence is substantively unreasonable. We affirm.

## I. Background.

On July 30, 2018, security camera footage showed Williams and three other individuals "casing" the home Michael Robertson shared with his girlfriend Jessica Brandon. An exterior light made the faces of three individuals visible. Williams appeared to have a weapon in his hand. The individuals attempted to break into the

---

[1] The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

home but gave up after failing to open a side door. Surveillance video shows that early the next morning, three of the individuals, led by Williams with nothing covering his face, returned to the home, broke through the front door, and rushed into the home, yelling "LPD! LPD! LPD" to simulate a police raid. Seconds later, eight gunshots were fired and the three invaders then burst out the door and fled. One of the shots struck and killed Jessica Brandon. Williams did not carry a firearm this second time. Investigators later found multiple pounds of marijuana, over $85,000 cash, and marijuana edibles from the residence of Robertson, who told investigators he believed the purpose of the robbery was to steal his stash of drugs and cash. Based on surveillance videos of the robbers and their clothing and with the help of confidential informants and admissions by Williams, investigators identified Williams and co-defendants Damon Williams and Tawhyne Patterson as the three robbers.

Williams was indicted for Commission of Murder with a Firearm during a Crime of Violence in violation of 18 U.S.C. § 924(j) and two counts of Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951 -- one for the attempted robbery and one for the robbery. At resentencing after our remand, defense counsel emphasized that Williams had a turbulent upbringing due to his father's death at an early age, was homeless much of his life including shortly before the crime, had mental health issues, and lacked a violent criminal history.

The district court resentenced Williams to 222 months imprisonment for both Counts II and III, to be served consecutively, for an aggregate 444 months imprisonment, longer than the consecutive term of 120 months for these counts in the initial sentence but within the recalculated advisory guidelines range of 360 to 480 months. Regarding the sentencing package doctrine, the district court explained:

> This is different than the concurrent sentences I pronounced before, and there's a reason for that, because Count I is no longer available. So . . . this is a different sentence, and I very intentionally imposed it. I've

considered the Section 3553(a) factors, and these were two distinct and different attempted robberies, and they occurred on two different nights. There's a reason for a consecutive sentence in this case.

Williams appeals, arguing (1) the district court misapplied the sentencing package doctrine because the underlying convictions were grouped together under the United States Sentencing Guidelines; (2) the district court erred by failing to explain why it imposed equivalent sentences for each night, even though only one of the nights resulted in violence; and (3) the sentence is substantively unreasonable.

## II. The Sentencing Package Doctrine Was Properly Applied.

In remanding for resentencing, we instructed the district court that this is "an appropriate case for application of the sentencing package doctrine." The doctrine is well-established, though its contours are not clearly defined and have been subject to differing interpretations. In Greenlaw v. United States, 554 U.S. 237 (2008), the Supreme Court held that courts of appeals have no authority to *increase* a defendant's sentence absent a government cross-appeal and then explained:

> [N]othing we have said in this opinion requires courts to modify their current practice in so-called "sentencing package cases." Those cases typically involve multicount indictments and a successful attack by a defendant on some but not all of the counts of conviction. The appeals court, in such instances, may vacate the entire sentence on all counts so that, on remand, the trial court can reconfigure the sentencing plan to ensure that it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a) . . . . In remanded cases . . . trial courts have imposed a sentence on the remaining counts longer than the sentence originally imposed on those particular counts, but yielding an aggregate sentence no longer than the aggregate sentence initially imposed.

Id. at 253.

Our court has consistently applied the doctrine as described in Greenlaw. See United States v. Dennis, 81 F.4th 764, 769-70 (8th Cir. 2023); United States v. McArthur, 850 F.3d 925, 943 (8th Cir. 2017). But some circuits have declined to apply the doctrine in resentencing after one count was vacated on appeal if the remaining counts were "interdependent," that is, were either sentenced concurrently or were grouped together at the initial sentencing for the purpose of calculating the defendant's offense level under the advisory Sentencing Guidelines, USSG §§ 3D1.1, 3D1.2(a), 3D1.3. See, e.g., United States v. Junius, 86 F.4th 1027, 1028 n.1 (3d Cir. 2023); United States v. Brown, 26 F.4th 48, 59 (1st Cir. 2022). Williams urges us to adopt that rule in which case, he argues, the district court erred in applying the sentencing package doctrine because the remaining Counts II and III were interdependent -- they were grouped together in determining the advisory guidelines offense level and sentenced concurrently at his initial sentencing.

We have not adopted this limitation on the sentencing package doctrine. It has no support in the Supreme Court's description or application of the doctrine, and we decline to adopt it here. There is nothing in the Court's articulation of the doctrine suggesting that the individual counts of conviction in a multicount aggregate sentence must not be "interdependent" to qualify for application of the doctrine after one count is "unbundled" from the package on appeal and the aggregate sentence is remanded for resentencing. Of course, when a separate offense level is determined for each count in accordance with Part 3D of the Guidelines, the component *sentences* are interdependent parts of the aggregate initial sentence. But that does not mean the underlying *offenses* may not involve related or interdependent conduct for the doctrine to apply. As Judge Bruce Selya of the First Circuit explained in an oft-cited early post-Guidelines decision:

> [W]hen a defendant is found guilty on a multicount indictment, there is
> a strong likelihood that the district court will craft a disposition in which
> the sentences on the various counts form part of an overall plan. When

the conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand, within applicable constitutional and statutory limits [including Double Jeopardy Clause constraints], if that appears necessary in order to ensure that the punishment still fits both crime and criminal.

United States v. Pimienta-Redondo, 874 F.2d 9, 14 (1st Cir.1989) (citations omitted). That is precisely what the district court did on remand here, carefully limiting the aggregate sentence on remand to be within the modified advisory guidelines range and well under the 660-month aggregate sentence it initially imposed.

This application of the sentencing package doctrine is consistent with our prior sentencing package doctrine decisions. In Gardiner v. United States, 114 F.3d 734, 735 (8th Cir. 1997), while defendant was serving an aggregate sentence for drug trafficking and a violation of 18 U.S. C. § 924(c) for using a firearm in relation to a drug offense, the Supreme Court held that § 924(c) requires a showing of active firearm employment. Defendant filed a § 2255 motion for habeas relief because his § 924(c) conduct lacked active employment. The district court agreed, granted the motion to vacate the § 924(c) conviction, and held it lacked authority to resentence on the drug trafficking charges. We held the court had authority to resentence and remanded, holding that the sentencing package doctrine applied and, because the vacated § 924(c) conviction had precluded enhancing the drug trafficking components in the original sentence, "allowing for resentencing on the drug convictions" was consistent with the Guidelines and with § 2255 because "a multi-count sentence is a package [and] severing part of the total sentence usually will unbundle it. . . . The *sentences* on these two related counts *have always been interdependent*, and the judgments so reflected." Id. at 736 (emphasis added, quotation omitted). The issues in Gardiner and this case are not identical, but this reasoning is contrary to Williams's argument in this case.

In United States v. Bruguier, 735 F.3d 754 (8th Cir. 2013) (en banc), defendant was convicted of sexual abuse, aggravated sexual abuse, sexual abuse of a minor, and burglary. Id. at 755. He appealed the sexual abuse and burglary convictions. We affirmed the burglary conviction; reversed the sexual abuse conviction for jury instruction error and remanded for a new trial on that count; and vacated the aggregate sentence and remanded for re-sentencing "[b]ecause the district court based its sentencing package on all four of Bruguier's convictions, one of which we are reversing." Id. at 764. We did *not* direct the district court not to apply the sentencing package doctrine if the two remaining sex abuse offenses were "interdependent."

In United States v. Mink, 9 F.4th 590 (8th Cir. 2021), a jury convicted defendant of fifteen different counts arising out of his "incessant and extreme harassment of his ex-girlfriend," including stalking, interstate domestic violence, fraudulent use of identity, use of explosives, tampering, and Count 8, possession of a firearm in furtherance of a crime of violence (arson). Id. at 597, 600. We reversed the conviction on Count 8, which carried a mandatory 30 year sentence, finding the predicate crime of violence overbroad; affirmed the convictions on the remaining counts; vacated the aggregate 516 month sentence; and remanded to the district court for resentencing pursuant to the sentencing package doctrine even though some of the remaining convictions had been given concurrent sentences. "We have found such discretionary vacatur appropriate when the vacatur of the sentence as to one or more counts results in a significantly lower sentence than what the district court originally contemplated." Id. at 614, citing McArthur, 850 F.3d at 943. Here, vacatur of Count I eliminated 540 months of Williams's initial 660 month aggregate sentence. Williams I, 2023 WL 3590705, at *1.

There was no error in the district court's application of the sentencing package doctrine.

### III. There Was No Procedural Error.

Williams argues the district court committed procedural error by failing to explain why it imposed equivalent 222-month sentences for Count II, which involved an attempted robbery, and for Count III, which involved a robbery resulting in death. This contention is without merit. Williams did not object to the district court's explanation at the sentencing hearing or request a more extensive explanation, nor did he brief the issue of plain error on appeal. One view is that we should not even conduct plain error review of an alleged failure to explain a sentencing decision absent "a timely objection that gives the district court an opportunity to correct any deficiency." United States v. Krzyzaniak, 702 F.3d 1082, 1085 n.3 (8th Cir. 2013). Under plain error review, "a forfeited challenge to the adequacy of a district court's explanation . . . faces long odds." United States v. Chavarria-Ortiz, 828 F.3d 668, 671 (8th Cir. 2016). Here, the district court's extensive explanation of why it imposed a consecutive within-range sentence for each robbery offense was more than adequate to satisfy us that it had a "reasoned basis for exercising its own legal decisionmaking authority." United States v. Godfrey, 863 F.3d 1088, 1098 (8th Cir. 2017) (cleaned up); see also United States v. Feemster, 572 F.3d 455, 463-64 (8th Cir. 2009) (en banc).

### IV. The Sentence Is Not Substantively Unreasonable.

Williams argues his sentence is substantively unreasonable in light of the § 3553(a) factors despite being within the guidelines range. He argues the district court did not adequately consider his turbulent upbringing, homelessness at the time of the crime, and limited, nonviolent criminal history. He also argues the nature and seriousness of the offense are mitigated by the fact that the target of the robbery was a known drug dealer who could be assumed to possess guns, the length of the sentence is excessive for deterrence and rehabilitation purposes, and the sentence is unreasonable because it is three years shorter than the sentences imposed on two of

his codefendants, who had guns and more violent criminal records, orchestrated the robbery, and did not accept responsibility for their crimes by pleading guilty.

We review sentences for abuse of discretion.  Feemster, 572 F.3d at 461.  It will be the "unusual case when we reverse a district court sentence[.]"  Id. at 464 (citation omitted).  Sentences within the advisory guidelines range are presumptively reasonable.  United States v. Jones, 49 F.4th 1144, 1145 (8th Cir. 2022).

In explaining the resentence it was imposing, the district court stated:

> I have considered all of the Section 3553(a) factors in determining this sentence. Obviously, I've considered the nature and the circumstances of this senseless and violent crime and your role in it. I've also considered your prior both criminal history and your personal history, the fact that you took responsibility and did plead in this court. Because of that your sentence is going to be a little bit different than that of [the codefendants].  Nonetheless, I always consider the need to pronounce a sentence that would reflect the extreme seriousness of the offense, one that's going to promote respect for the law and deter others from joining in this type of crime, regardless of their role in it, and so I've considered all those factors.
>
> First, as to the nature and circumstances of the offense, as I told your codefendants, this type of crime, it doesn't get worse than this. Flat-out home invasion drug robberies or any type of home invasion are among the most heinous types of crimes that this Court sees, so regardless of your role in this case, you certainly assisted in carrying out the crime.  One of the things that distinguishes your sentence from the other two codefendants is the fact that you'd not been involved in home invasion robberies before.  They had.  So I'm taking that into consideration.
>
> However, you did come over to the Robertson house two separate nights . . . and those types of robberies are invariably violent.  They

involve weapons, and you had one in your hand . . . on that first night, even though it wasn't a gun, and it's absolutely predictable that someone's going to get injured or killed . . . .

And so you and the other two codefendants showed up the next night and simply kicked the door in on that night, and you didn't have a gun. The other two codefendants did, you know, once again, a recipe for a violent disaster. But you did have zip ties with you, and you fully participated in tying up and restraining innocent victims, primarily teens and children, while [codefendant's] gun was blazing. You weren't in the house more than six seconds when the shooting started, and this is -- if we were in the state court, this is a classic case of felony murder, and today's punishment will fit the nature of the crime.

But I've also considered your personal history and your prior criminal history. . . . [Y]our criminal history did not look anything like the other two codefendants, and I'm placing that in my sentencing calculus . . . .

I'm also considering the need to avoid unwarranted sentencing disparities among codefendants with similar records, and considering the participation in the crime, there is a reason for a different sentence in this case from the one [of the codefendants]. . . .

Reviewed along with the court's extensive explanation, we do not find Williams's arguments persuasive. The court explicitly weighed his personal history, criminal history, and mitigating factors against the egregious offense conduct. Williams's mere disagreement with the court's weighing of these factors is insufficient to warrant reversal. United States v. Driskill, 121 F.4th 683, 689 (8th Cir. 2024).

Likewise, the district court weighed Williams's lesser involvement in the planning of the robbery and his less violent criminal record in reaching a sentence that was three years lower than that of the primary codefendants. "[T]he statutory directive to avoid unwarranted sentence disparities among defendants with similar

-10-

records who have been found guilty of similar conduct refers to national disparities, not differences among co-conspirators." United States v. Dickson, 127 F.4th 722, 730 (8th Cir. 2025) (cleaned up). "[R]elief based on a comparison to co-conspirators is an unusual circumstance." United States v. Merrett, 8 F.4th 743, 753 (8th Cir. 2021) (cleaned up). And it likely requires a consolidated appeal, which we do not have in this case, so that we can compare the unique circumstances of each of the codefendants and Williams. See Dickson, 127 F.4th at 730. These disparity principles apply as well to Williams's argument that his sentence is *too* similar to that of codefendants who were more responsible for the serious nature of the crime.

"District courts have wide latitude in weighing the relevant § 3553(a) factors." Jones, 49 F.4th at 1146 (cleaned up). The district court was well within its discretion in imposing a sentence within the guidelines range.

For the foregoing reasons, the district court's Amended Judgment dated December 22, 2023 is affirmed.

_____