# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 00-4047

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern District |
| v. | * | of Arkansas |
| | * | |
| Bobby Franklin Simmons | * | |
| | * | |
| Appellant. | * | |

Submitted: June 13, 2001
Filed: August 15, 2001

Before McMILLIAN and RICHARD S. ARNOLD, Circuit Judges, and ROSENBAUM,* District Judge.

ROSENBAUM, District Judge.

While high on painkillers, Bobby Franklin Simmons conspired with another individual, Terry Sanders, to steal money orders and an imprinting machine from two

---

*The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

post offices in rural Arkansas.[1] Simmons, however, chose his co-conspirator unwisely, because Sanders went to the authorities and, as part of his cooperation, recorded numerous conversations between himself and Simmons detailing the planned crime. Those recordings reveal Simmons planned to incapacitate the postmasters with a concoction of pure grain alcohol and Valium, shoot any police officers who responded to the scene, and escape with over $50,000 in money orders.

In order to forestall death or injury to postal or law enforcement personnel, Simmons was arrested before he could actually effectuate his plan. After being charged with attempted robbery of a post office,[2] he pleaded guilty. At the sentencing hearing, the government took the position that various specific offense characteristics applied to Simmons' crime. Simmons objected to the application of any enhancements to his offense level beyond the 2-level enhancement imposed because the object of his offense was a post office. See U.S.S.G. § 2B3.1(b)(1).

The parties agreed to use the transcripts of the recorded conversations to supply a factual rubric by which the district court[3] would determine the applicable sentencing guidelines.[4] Based on Simmons' stated intentions, the district court determined the

---

[1]Simmons, a paraplegic, took morphine to control his pain. Over time, he began to abuse his pain medication.

[2]The three-count indictment charged Simmons with attempted robbery, soliciting another to participate in a crime of violence, and being a felon in possession of ammunition. After Simmons was sentenced for attempted robbery, the remaining counts were dismissed on motion of the government.

[3]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

[4]Because of his drug use at the time, Simmons could neither confirm nor deny the substance of his conversations with Sanders.

intended offense conduct included possession of a firearm, injury to a victim, and loss exceeding $50,000. The court sentenced Simmons to 120 months imprisonment, the maximum sentence allowed under the law, but less than his presumptive guideline range of 130 to 162 months. Simmons now appeals the district court's Guidelines application, contending the intended offense conduct could not be established with reasonable certainty, as required by the Guidelines.

We reject Simmons' contention that the district court erred in applying enhancements for his intended conduct. In dealing with attempted offenses, the district court must begin with the guideline for the substantive offense, and then include those adjustments for any intended offense conduct "that can be established with reasonable certainty." U.S.S.G. § 2X1.1(a). Simmons argues the facts do not support a finding of "reasonable certainty." He makes this claim because no firearms, grain alcohol, or Valium were ever found in searches of his property, no evidence was introduced to show his alcohol and Valium cocktail would cause injury to someone who consumed it, and, because he discussed varying amounts of money, no specific intended amount of loss could be established. Contrary to Simmons' belief, the lack of physical proof, or metaphysical certainty, regarding his intended conduct does not remove that conduct from the Guidelines' reach.

The Guidelines require "reasonable certainty" regarding a defendant's intended conduct. Here, the district court considered Simmons' own words to determine his intended conduct. That the government interrupted Simmons before he could complete the robberies, or even obtain the elements necessary to carry out his plan, does not relieve him of responsibility for his intended conduct. The Commentary to § 2X1.1, the guideline addressing attempt, explicitly approves enhancements imposed for specific offense characteristics that are actually intended, although not carried out. See U.S.S.G. § 2X1.1, Application Note 2.

We do not deny the possibility that in certain circumstances the distance between thought and deed could be sufficiently broad to preclude any enhancement for intended conduct under § 2X1.1. Nor do we deny the possibility that a case might arise where it is impossible to acquire a reasonable certainty as to a defendant's intended conduct. This, however, is not such a situation. Simmons' own words reveal his actual intent to steal and to harm -- that he did not consummate his plan is a fortuity, and one for which he cannot be rewarded. The district court properly calculated Simmons' sentence based on his intended conduct, as proven with reasonable certainty by his own admissions.

We affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

4