# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1901

_____

United States of America,       *
       *
      Appellee,      *
       *   Appeal from the United States
    v.           *   District Court for the
       *   District of Nebraska.
Lawrence Cook,       *
       *
      Appellant.     *

_____

Submitted: February 12, 2010
Filed: May 7, 2010

_____

Before WOLLMAN, BYE, and MELLOY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Lawrence Cook was convicted of unlawful possession of ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g). Cook appeals his conviction, arguing that the evidence presented at trial was insufficient to establish that he knowingly possessed ammunition and that the district court[1] erred in instructing the jury. We affirm.

_____

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

## I.

At approximately 4:00 a.m. on September 19, 2007, Omaha Police Officer Keith Lampert responded to a call about a nearby hit-and-run accident. At an intersection a few blocks away from the accident site Lampert encountered Cook, who was waving his hands above his head in an apparent attempt to attract Lampert's attention.

Lampert stopped and spoke with Cook, who said that he had almost been run off the road but was unable to explain the accident or why he had left the accident site. Lampert told Cook that they would travel back to the accident site in the police cruiser. Before Cook entered the cruiser, Lampert asked him if he had any weapons on his person, to which Cook responded no. Pursuant to department policy, Lampert patted down Cook and felt an object that he believed to be a handgun. Lampert immediately handcuffed Cook, at which point Cook told him that he did in fact have a handgun. Lampert removed a small revolver from Cook's pants pocket. Officer Phillip Ricker arrived at the scene and inspected the handgun, discovering two unfired cartridges and a spent cartridge in the revolver. The officers placed Cook in the police cruiser and proceeded to the accident site.

Upon arriving at the accident site, Lampert and Ricker observed Cook's vehicle, its motor still running, which had collided with another vehicle that was parked in a driveway. Cook gave different accounts of the accident to each officer. In response to Lampert's questioning, Cook explained in vague terms that as he was being run off the road by another vehicle, a handgun had been thrown into his vehicle through the window. In response to Ricker's questioning, Cook explained that he had swerved to avoid hitting two individuals who were walking down the middle of the street and that they had thrown the weapon through the passenger side window as he swerved around them.

Ricker interviewed the individuals who had reported the accident. They recalled that they had heard a crash and looked out their window, at which point they saw that a car had hit their parked car and the driver was walking away. Ricker observed that the windows on the passenger side of the vehicle were closed. At the conclusion of the investigation, Lampert placed Cook under arrest and transported him to the police station for booking.

Cook was charged under 18 U.S.C. § 922(g) with unlawful possession of a firearm and ammunition as a previously convicted felon. He pleaded not guilty and the case went to trial. After the government rested, the district court granted Cook's motion for judgment of acquittal with respect to the firearm charge, finding that the government had not proved that the weapon fell within the statutory definition of a firearm.[2] The district court denied Cook's motion for acquittal on the ammunition charge, holding that the evidence presented established a prima facie case.

Cook's testimony provided an account of the accident and the origin of the firearm different from that which he had given to either officer at the time of his arrest. He testified that a large vehicle, perhaps a Chevy Caprice or Malibu, had veered toward him from the middle of the street and "cut out in front of [him]." Cook stopped to avoid hitting the vehicle. Four or five young men in the large vehicle then got out and approached Cook's vehicle. According to Cook, one of them had a firearm, whereupon Cook panicked, fearing that the firearm was loaded. He left his car in the middle of the street, fled, and hid behind some bushes a block and a half away. In this version of events, once Cook realized that the men were not following him, he returned to his vehicle and saw that it had collided with another vehicle. Assessing the damage, he looked inside the car and saw a firearm on the passenger's

_____

[2]While the statute prohibits possession of a "firearm," it excludes possession of an antique firearm, which is defined as one manufactured in or before 1898. 18 U.S.C. § 921(a)(3), (16). The government could not prove that the revolver had been manufactured after that date.

seat. Cook explained that because he is a convicted felon, he put the weapon in his pocket and ran to find a police officer to surrender the firearm. Cook testified that he told Lampert that he had a firearm in his pants pocket before Lampert found the weapon and that he did not know that the firearm was loaded. Cook further testified that he never talked to Ricker, that Ricker was lying about their interaction, and that Lampert was lying about their conversation.

Prior to closing arguments, the district court informed the jury that instruction eleven, which set forth the elements required for a felon in possession conviction, had changed. The court directed the jurors to remove the original instruction that referred to possession of a firearm, hand it to the court officer, and replace it with a revised version that referred only to possession of ammunition. The district court then read the revised version to the jury. Follow closing argument, the court instructed the jury again and referred to possession of a firearm. The jury had with it during deliberations the revised version of instruction eleven.

II.

A. Motion for Judgment of Acquittal

Cook argues that the district court erred in denying his motion for judgment of acquittal on the ammunition charge because the evidence presented at trial was insufficient to establish that he knowingly possessed the ammunition. We review *de novo* the denial of a motion for judgment of acquittal. United States v. Chase, 451 F.3d 474, 479 (8th Cir. 2006). "[T]he [district] court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29. We apply the same standard of review to the district court's ruling on a motion for judgment of acquittal as we do to a sufficiency of the evidence challenge. United States v. Garcia, 562 F.3d 947, 958 (8th Cir. 2009). We view the evidence in the light most favorable to the government,

resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict. Id. We will reverse only if no reasonable jury could have found the defendant guilty. Id.

To convict a defendant of being a felon in possession of ammunition, the government must prove beyond a reasonable doubt that (1) the defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, (2) the defendant knowingly possessed ammunition, and (3) the ammunition had traveled in or affected interstate commerce. See United States v. Walker, 393 F.3d 842, 846 (8th Cir. 2005) (felon in possession of a firearm). Cook stipulated that he had been convicted of a felony, and he did not contest that the ammunition had traveled in interstate commerce.

Cook argues that no evidence was presented that he knew about the ammunition and that the only direct evidence about the ammunition consisted of his own testimony, which established that he did not know about the ammunition. While there is no direct evidence that Cook knew about the ammunition, "a jury rarely has direct evidence of a defendant's knowledge," and therefore such knowledge is "generally established through circumstantial evidence." United States v. Ojeda, 23 F.3d 1473, 1476 (8th Cir. 1994). The testimony that Cook was found in possession of the loaded revolver is sufficient evidence from which the jury could have concluded beyond a reasonable doubt that Cook knowingly possessed the ammunition in the revolver. See United States v. Sanders, 404 F.3d 980, 987 (6th Cir. 2005) (testimony that officer saw the firearm drop out of the defendant's jacket twice was sufficient evidence for a reasonable jury to conclude beyond a reasonable doubt that the defendant possessed the ammunition in the firearm). Moreover, the government presented evidence that Cook was not able to immediately explain how he obtained possession of the firearm, and that he had presented three different and implausible stories that attempted to explain that possession. Considering the evidence as a whole, we cannot say that no

reasonable jury could have found Cook guilty. Accordingly, the district court did not err in denying the motion for judgment of acquittal.

## B. Jury Instructions

Cook argues that the district court erred by giving an oral instruction that allowed the jury to consider the felon in possession of a firearm charge after it had been dismissed. Jury instructions are sufficient if, "taken as a whole, they adequately advise the jury of the essential elements of the offenses charged and the burden of proof required of the government." United States v. Rice, 449 F.3d 887, 895 (8th Cir. 2006). Because Cook did not object to the jury instruction, we review for plain error. See Puckett v. United States, 129 S. Ct. 1423, 1429 (2009). To establish plain error Cook must demonstrate that (1) there was an error that he did not affirmatively waive, (2) the error was clear and obvious, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings. Id.

As recounted above, prior to closing argument, the district court informed the jury that instruction eleven had changed and provided the jurors with a revised version of the instruction that only referred to possession of ammunition. Following closing arguments, the district court explained:

> Ladies and gentlemen, as I was reading these instructions to you it occurred to me there may be some confusion. Instruction 19 is my reasonable doubt instruction, and if you look at the third full paragraph it says that the burden is always on the prosecution and it never shifts to the defendant. And that is a correct statement of law, unless there is an affirmative defense. In this case there is an affirmative defense, so the burden is on the government to prove felon in possession of a firearm, and that's Instruction 11. If you believe the government has proved that the defendant was in possession of a firearm, and that he is a felon, beyond a reasonable doubt, then you consider the defendant's affirmative

-6-

defense, and that's the innocent possession as instructed in Instruction 16.

(Trial Tr. 239-40). Cook argues that the oral instruction that referred to possession of a firearm was prejudicial because (1) he had been acquitted on the firearm charge, (2) the oral instruction conflicted with the written instructions, and (3) the oral instruction amounted to a directed verdict on the possession of ammunition charge because he admitted to the possession of the revolver.

Although it appears that the district court mistakenly referred to the earlier version of instruction eleven, the instructions as a whole were not plainly erroneous. Read in context, it is evident that the district court was providing the jury with additional guidance on the interaction of certain instructions and an affirmative defense. Moreover, there was no indication of juror confusion, neither the judge nor either party identified the error when it occurred, and the jury had the correct written instructions. See United States v. Jones, 468 F.3d 704, 710 (10th Cir. 2006) (noting the lack of any indication of juror confusion and weighing heavily "[t]he fact that defense counsel as well as the experienced district judge were unperturbed by the error, if they noticed at all"); United States v. Ancheta, 38 F.3d 1114, 1117 (9th Cir. 1994) ("The absence of objection suggests that the mistake was not noticeable or confusing."); see also United States v. Gold, 743 F.2d 800, 822 (11th Cir. 1984) (explaining that when reviewing for harmless error, correct written instructions decreases likelihood of improper effect). The district court made a slip of the tongue about the content of instruction eleven when explaining a different point to the jury. See Jones, 468 F.3d at 710 (collecting cases that have held a "slip of the tongue" error to be either harmless or not plain). Cook has failed to meet his burden on plain error review.

## III.

The judgment is affirmed.

_____