# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3371
_____

United States of America

*Plaintiff - Appellee*

v.

Derrick Lovell Parker

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: May 6, 2024
Filed: August 14, 2024
[Published]
_____

Before SMITH, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Derrick Lovell Parker pleaded guilty to one count of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and faced an advisory Guidelines range of 70 to 87 months. The district court[1] varied upward and

---

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

sentenced Parker to 180 months of imprisonment and 5 years of supervised release. He appeals his sentence, and we affirm.

We review a sentence under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Parker's sole argument is that his sentence is substantively unreasonable. "A district court abuses its sentencing 'discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" United States v. Ahmed, 103 F.4th 1318, 1324 (8th Cir. 2024) (quoting United States v. Petersen, 22 F.4th 805, 807 (8th Cir. 2022)). In our review, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range," Gall, 552 U.S. at 51, and "give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance," id.

Parker argues that "[i]n imposing the substantial upward variance, the district court gave undue weight to factors that were already taken into account by the Guidelines," specifically, his offense conduct and his criminal history. While courts must use caution when supporting a substantial upward variance with factors already reflected in the Guidelines, see United States v. Martinez, 821 F.3d 984, 989–90 (8th Cir. 2016), "[f]actors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance," United States v. Thorne, 896 F.3d 861, 865 (8th Cir. 2018) (citation omitted). Here, the district court described the conduct underlying Parker's instant offense—which involved a large amount of heroin, and Parker banging on the door of a residential re-entry center with a gun, demanding to see someone and refusing to leave—as creating a "very scary situation," and expressed concern about Parker repeating prior conduct he knew was unlawful. The weight the court placed on these factors, even if partially accounted for by the Guidelines, was not undue. See id.

Parker also asserts that the district court "failed to consider the need to avoid sentence disparities and mitigating factors, such as [] Parker's mental health issues." But Parker disputes neither the district court's calculation, nor its review, of the Guidelines range. See Gall, 552 U.S. at 54 ("Since the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities."). And at sentencing Parker presented the district court with information he viewed as mitigating, including about his mental health issues and need for treatment. See United States v. Beyers, 854 F.3d 1041, 1043 (8th Cir. 2017) ("[W]e may presume that the court considered [specific] factors [about which it heard argument.]" (quoting United States v. Keating, 579 F.3d 891, 893 (8th Cir. 2009))). The district court indicated it considered these issues when it characterized Parker's offense as part of his "addiction activity," and recommended he participate in substance abuse treatment and mental health counseling. The court acted within its discretion by giving this information less weight than other factors for the purpose of determining what it concluded was a sufficient, but not greater than necessary sentence. See United States v. Mays, 967 F.3d 748, 754 (8th Cir. 2020) (citation omitted).[2]

We affirm.

_____

---

[2]In imposing sentence, the district court also explicitly considered specific deterrence and determined that it was, at most, minimally applicable to Parker—then "emphatic[ally]" relied on that factor as well as two others to impose a substantial above-Guidelines sentence. But if a 180-month sentence will not deter Parker from committing crimes in the future—as the district court indicated it thought could well be the case—then no one will be specifically deterred by it. However, without adversarial briefing we cannot say whether this internal tension in the justification for a substantially above-Guidelines sentence amounts to a "clear error of judgment." See Petersen, 22 F.4th at 807; cf. Gall, 552 U.S. at 50 ("[It is] uncontroversial that a major departure should be supported by a more significant justification than a minor one."); United States v. Brown, 453 F.3d 1024, 1026 (8th Cir. 2006) (considering, in assessing reasonableness of variance, argument that sentencing court's reasoning was "internally inconsistent"); United States v. Farmer, 647 F.3d 1175, 1179 (8th Cir. 2011) (considering defendant's argument "that his sentence contradicts itself").