# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3684
_____

United States of America

*Plaintiff - Appellee*

v.

Terrance Rogers, also known as Unc

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: October 21, 2024
Filed: March 6, 2025
[Unpublished]
_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Terrance Rogers appeals his below-Guidelines sentence of 144 months in custody.[1] We affirm.

_____

[1] Rogers filed a pro se motion seeking appointment of new appellate counsel. After carefully reviewing Rogers's motion and supporting affidavit, as well as the brief submitted by counsel, we deny the motion.

Rogers pleaded guilty to one count of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. The district court[2] calculated an advisory Guidelines range of 188 to 235 months in custody. Rogers moved for a downward variance, requesting a sentence between 36 and 60 months to run concurrent with an undischarged state sentence. The government also moved for a downward variance, and requested a 151-month sentence based on the sentencing disparity between crack cocaine and powder cocaine, see USSG § 2D1.1(c), as well as the nonviolent nature of Rogers's criminal history. After considering all of the required factors under 18 U.S.C. § 3553(a), the district court imposed a 144-month sentence to run "concurrent with any undischarged portion" of his state sentence, followed by three years of supervised release.

On appeal, Rogers contends the district court erred in not granting a larger downward variance. We treat this argument as a challenge to the substantive reasonableness of the sentence imposed, see United States v. Zambrano, 971 F.3d 774, 783 (8th Cir. 2020), which we review for abuse of discretion. United States v. McDaniel, 59 F.4th 975, 982 (8th Cir. 2023). "[A] district court abuses its discretion when it '(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" United States v. Maluoth, 121 F.4th 1158, 1163 (8th Cir. 2024) (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Moua, 895 F.3d 556, 560 (8th Cir. 2018) (quoting United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009)).

---

[2]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

Rogers argues that the district court abused its discretion when it failed to give more weight to his difficult childhood experiences, his nonviolent criminal history, and his challenges with substance abuse. He also highlights personal characteristics, such as his age, health, and medical needs, which he asserts were not sufficiently credited. A review of the record shows, however, that the district court carefully considered both mitigating and aggravating factors when arriving at a sentence that was "sufficient, but not greater than necessary," to meet the statutory goals of sentencing. United States v. Parker, 112 F.4th 621, 623 (8th Cir. 2024). The court expressly acknowledged Rogers's childhood, his nonviolent criminal history, his history of substance abuse, his age, and his disability. And it recognized that someone who has the support of family and friends, as Rogers established that he did, "must be doing something right." The district court also agreed that the crack-powder sentencing disparity contributed to an advisory Guidelines range that was "too long."

But the court also noted that Rogers's offense of conviction involved a "large quantity of drugs" that are highly addictive. In the district court's view, drug trafficking of this sort has a destructive "ripple effect" on families and communities that goes far beyond the individual user, making Rogers's offense a serious one. And Rogers possessed a firearm, which "ma[d]e an already serious offense even more serious." The court also expressed concern about Rogers's "long string of . . . controlled substance offenses," resulting in "such a long pattern" that the court did not "see anything to give [it] hope that [the criminal conduct is] going to stop." These factors are proper and relevant to consider, and we discern no error of judgment in how the district court weighed them in reaching an appropriate sentence. We recognize that Rogers had hoped the court would give comparatively more weight to his mitigating factors. But any such disagreement, standing alone, does not demonstrate an abuse of discretion. See United States v. Hubbs, 18 F.4th 570, 573 (8th Cir. 2021). The court thoroughly explained the reasons for the sentence it chose, did not consider any irrelevant or improper factors, and did not abuse its discretion.

We affirm.

_____