# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1012
_____

United States of America

*Plaintiff - Appellee*

v.

Rufus E. Dennis

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: October 22, 2024
Filed: March 24, 2025
_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.
_____

KELLY, Circuit Judge.

A jury convicted Rufus E. Dennis of four counts: attempted Hobbs Act robbery, 18 U.S.C. § 1951(a); possession of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A); possession of a firearm after having been convicted of a felony, 18 U.S.C. § 922(g)(1); and possession of a stolen firearm, 18 U.S.C. §§ 922(j) and 924(a)(2). The district court sentenced him to 270 months' imprisonment. Dennis appealed, and we affirmed his robbery conviction and two of his firearm convictions, but vacated his conviction for possession of a firearm in

furtherance of a crime of violence in light of the Supreme Court's decision in United States v. Taylor, 596 U.S. 845 (2022).[1] See United States v. Dennis, 81 F.4th 764, 767 (8th Cir. 2023). We then remanded the case to the district court for resentencing. See id.

On remand, the district court[2] imposed a 240-month sentence. Dennis now appeals, alleging the district court erred procedurally and imposed a substantively unreasonable sentence. We affirm.

I.

In December 2019, Dennis planned to rob a drug dealer at his home, where a single mother and her four-year-old twins also lived. Dennis enlisted the help of a friend, who happened to also be a confidential informant (CI). The CI reported the plan to law enforcement and agreed to record conversations with Dennis. Dennis told the CI that he wanted a handgun for the robbery. In late-January 2020, before any robbery took place, officers arrested Dennis and searched his home, where they located a rifle-style 9mm carbine.

At resentencing, the district court applied a sentencing enhancement under USSG § 2B3.1(b)(2)(C), which provides for a five-level increase in offense level for a robbery count "if a firearm was brandished or possessed." See also id. § 2X1.1(a) (establishing the base offense level for an attempt as "[t]he base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty"). With the enhancement, Dennis's advisory Guidelines range was 121 to 151 months' imprisonment. The district court denied Dennis's motion for a below-range sentence,

_____

[1]In Taylor, the Supreme Court held that attempted Hobbs Act robbery is not a crime of violence for purposes of § 924(c). 596 U.S. at 848, 852.

[2]The Honorable Robert F. Rossiter, Jr., Chief Judge, United States District Court for the District of Nebraska.

granted in part the government's motion for an upward variance, and imposed a 240-month sentence on the attempted robbery count, to run concurrently with 120-month sentences on each firearm count.

Dennis appeals his sentence.

II.

First, Dennis asserts the district court committed procedural error when it applied a five-level enhancement under USSG § 2B3.1(b)(2)(C).[3] See United States v. Ross, 29 F.4th 1003, 1007 (8th Cir. 2022) (explaining that procedural error includes failing to properly calculate the Guidelines range). "In reviewing the sentence for procedural errors, we review a district court's interpretation and application of the guidelines de novo and its factual findings for clear error." United States v. Godfrey, 863 F.3d 1088, 1095 (8th Cir. 2017) (quoting United States v. Fischer, 551 F.3d 751, 754 (8th Cir. 2008)).

Dennis concedes that he and the CI discussed the possibility of getting a handgun to use in the robbery, but he stresses that he never in fact obtained one. And, he points out, the firearm seized from his house was never part of the plan. The record supports these assertions, but Dennis's argument overlooks the fact that he was convicted of *attempted* Hobbs Act robbery. As a result, the issue is whether the district court properly found that the government established "with reasonable certainty" that Dennis "intended" that a firearm would be "brandished or possessed." See USSG § 2X1.1(a); see also United States v. Simmons, 260 F.3d 937, 938 (8th

---

[3]Dennis also argues the district court erred in relying on USSG § 2B3.1 to determine the base offense level for his attempted Hobbs Act robbery conviction. But we have explained that "[i]n dealing with attempted offenses, the district court must begin with the guideline for the substantive offense." United States v. Simmons, 260 F.3d 937, 938 (8th Cir. 2001). The substantive offense here is robbery, see USSG § 2X1.1, comment. (n.2) (explaining "[s]ubstantive offense" is "the offense that the defendant was convicted of . . . attempting . . . to commit"), and robbery falls under § 2B3.1.

Cir. 2001). Here, Dennis's conduct demonstrated "with reasonable certainty" that he intended to brandish or possess a firearm during the planned robbery. Over the span of roughly a month, Dennis told the CI multiple times that he wanted a handgun for the robbery. He also made concrete plans and took steps to acquire one: he discussed the matter in detail with the CI; he texted a photo of his firearm to the CI with the hope of trading it for a handgun; and he said he was willing to pay $200–$300 for a handgun.

We have recognized "that in certain circumstances the distance between thought and deed could be sufficiently broad to preclude any enhancement for intended conduct under § 2X1.1." Simmons, 260 F.3d at 939. But that is not the case here, where Dennis's repeated words and actions, collectively, are sufficient to establish "with reasonable certainty" that he intended the offense conduct to include brandishing or possessing a firearm. We discern no error in the district court's decision to apply the § 2B3.1(b)(2)(C) enhancement.[4]

Next, Dennis argues that the district court imposed a substantively unreasonable sentence, a challenge we review "under a highly deferential abuse-of-discretion standard." United States v. Haskins, 101 F.4th 997, 999 (8th Cir. 2024) (quoting United States v. Jones, 71 F.4th 1083, 1086 (8th Cir. 2023)). "A district court abuses its sentencing 'discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in

---

[4]We have applied different standards of review when reviewing a district court's determination that the government established intended offense conduct with reasonable certainty under USSG § 2X1.1(a). Compare United States v. McGarr, 330 F.3d 1048, 1050 (8th Cir. 2003) (treating the "reasonable certainty" determination under USSG § 2X1.1(a) "as a matter of law to be reviewed de novo" when the underlying facts were "essentially undisputed"), with United States v. Jones, 791 F.3d 872, 874–75 (8th Cir. 2015) (reviewing same determination for clear error). Because we reach the same result regardless of the standard of review, we need not address any possible conflict in our case law.

weighing those factors commits a clear error of judgment.'" United States v. Ahmed, 103 F.4th 1318, 1324 (8th Cir. 2024) (quoting United States v. Petersen, 22 F.4th 805, 807 (8th Cir. 2022)). "[A] district court is afforded 'wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.'" United States v. Starr, 111 F.4th 877, 880 (8th Cir. 2024) (quoting United States v. Barber, 4 F.4th 689, 692 (8th Cir. 2021)).

Dennis asserts that the district court placed too much weight on the nature and circumstances of the attempted robbery offense when imposing an above-range sentence. He further contends that a substantial variance based on factors already taken into account in the Guidelines range undermines the goal of sentencing uniformity. It is true that "courts must use caution when supporting a substantial upward variance with factors already reflected in the Guidelines." United States v. Parker, 112 F.4th 621, 623 (8th Cir. 2024) (per curiam) (citations omitted). But here, while Dennis's Guidelines range accounted for some of the circumstances of the offense, such as his intent to brandish or possess a gun, the range did not account for all the factors the district court found relevant. For example, Dennis planned to tase whoever opened the door of the targeted home, and the district court expressed concern that Dennis was "willing to do" that to "vulnerable people"—a mother and her children. And based on the testimony it heard at trial, the district court believed that Dennis's actions would likely have resulted in "tragedy" had law enforcement not thwarted his plans.

Dennis also contends the district court ignored mitigating evidence, including his difficult upbringing, but both Dennis and his counsel argued these points at the resentencing hearing. We presume the district court considered them. See United States v. Beyers, 854 F.3d 1041, 1043 (8th Cir. 2017) ("'[W]here the district court heard argument . . . about specific . . . factors, we may presume that the court considered those factors' even if the court did not address them expressly." (alteration in original) (quoting United States v. Keating, 579 F.3d 891, 893 (8th Cir. 2009))). Understandably, Dennis hoped this evidence would be given more weight, but "disagreement with how the district court weighed the relevant sentencing

factors does not justify reversal." <u>United States v. Haskins</u>, 101 F.4th 997, 1000 (8th Cir. 2024) (quoting <u>United States v. Jones</u>, 71 F.4th 1083, 1087 (8th Cir. 2023)). We see no "clear error of judgment," <u>Ahmed</u>, 103 F.4th at 1324 (quotation omitted), and after careful review, we are satisfied the district court did not abuse its discretion.

We affirm.

_____