# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1740
_____

United States of America

*Plaintiff - Appellee*

v.

Evan Wayne Brown Bull

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: December 20, 2024
Filed: May 14, 2025
_____

Before LOKEN, ERICKSON, and KOBES, Circuit Judges.
_____

LOKEN, Circuit Judge.

At approximately 10:30 PM on March 20, 2022, Officer Brandon Johnson of the Rapid City Police Department, assigned to the Street Crimes Unit, was patrolling an area of apartment complexes where gun crimes and violence commonly occurred. Officer Johnson observed a Ford F-150 pickup truck being driven with an obstructed rear license plate and a tinted windshield obscuring the dealer plate in the rear window.

Johnson pulled behind the vehicle to initiate a traffic stop. The driver signaled and turned, stopping in front of Building F of the ABC Apartments when Johnson activated his lights and sirens. Johnson recognized the passenger, Angel Bush, who immediately exited, began walking away, and was arrested based on outstanding warrants. The driver, Evan Brown Bull, remained in the vehicle and was arrested based on an outstanding warrant. As Officer Johnson approached, he observed an open container of alcohol in the center console and a dealer tag in the rear window, a temporary paper license plate issued when a vehicle is purchased. A search of the vehicle uncovered a handgun holster in the center console, three boxes of ammunition in the glove compartment, and a wooden stock to a rifle or shotgun under the rear driver's side bench seat. Brown Bull was charged with being a felon in possession of the ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

At the conclusion of a two-day trial, the jury convicted Brown Bull and the district court[1] overruled his motion for judgment of acquittal. Brown Bull appeals, arguing there was insufficient evidence he knowingly possessed the ammunition. "We review *de novo* the denial of a motion for judgment of acquittal," applying the same standard of review we apply to other challenges to the sufficiency of the evidence. "We will reverse only if no reasonable jury could have found the defendant guilty." United States v. Cook, 603 F.3d 434, 437 (8th Cir. 2010) (citations omitted).

"To convict a defendant of being a felon in possession of ammunition, the government must prove beyond a reasonable that (1) the defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, (2) the defendant knowingly possessed ammunition, and (3) the ammunition had traveled in or affected interstate commerce." Id. At issue here is the second element,

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation, presided over the trial. Judgment in a Criminal Case was entered by the Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

knowing possession, a recurring, fact-intensive issue. The governing legal standard is well-established in this Circuit. "[T]he government can prove knowing possession by showing actual or constructive possession, and possession can be sole or joint." United States v. White, 816 F.3d 976, 985 (8th Cir. 2016) (quotation omitted). In the usual case, the defendant's control over the area where the weapon was found "gives rise to a strong inference of knowledge." United States v. Dooley, 580 F.3d 682, 686 (8th Cir. 2009); see United States v. Chatmon, 742 F.3d 350, 352 (8th Cir. 2014) (firearm found in center console of rental vehicle); United States v. Hiebert, 30 F.3d 1005, 1009 (8th Cir.) ("Hiebert had control over the rifle, as it was found in the vehicle that he was driving."), cert. denied, 513 U.S. 1029 (1994).

Brown Bull argues the government's trial evidence did not establish what we have concluded in prior cases was sufficient evidence of knowing possession of ammunition found in a vehicle: He was not the sole occupant of the F-150 or its registered owner, and he complied with the traffic stop, did not attempt to flee, and made no unusual movements suggesting an attempt to hide the ammunition. The government introduced no fingerprint or DNA evidence linking Brown Bull to the concealed ammunition. There was no evidence identifying Brown Bull as the owner of the ammunition, and there was no reference to or pictures of the ammunition in the "tens of thousands of pages" of his Facebook messages that law enforcement investigators reviewed. Brown Bull emphasizes that his passenger, Angel Bush, a convicted felon with the same incentive not to be charged with being a felon in possession, was sitting directly in front of the glove box, and walked away when the traffic stop began. Yet the government concluded, after a single interview and no adequate investigation, that the ammunition did not belong to Angel Bush.

Our standard of review is strict. It is the function of the jury, not an appellate court, to resolve conflicts in the testimony and to judge the credibility of witnesses. United States v. Brooks-Davis, 984 F.3d 695, 697-98 (8th Cir.), cert. denied, 142 S. Ct. 161 (2021). The government's trial evidence included the following:

-- Brown Bull was driving the F-150 when it was stopped.

-- His former girlfriend, Billi American Horse, testified as a cooperating witness. She identified the F-150 in the government's photo exhibits as the truck she bought for Brown Bull from a man at a grocery store in a nearby town for $5,000 cash. She and Brown Bull drove the truck. It was not registered in Brown Bull's name after she purchased it in mid-2021.

-- After Brown Bull's arrest, the F-150 was impounded by Rapid Towing and cleared to be retrieved by the owner in March 2022. A Rapid Towing employee testified that the vehicle invoice recorded that, one month later, a person named Angelo Bustamante -- a Brown Bull alias -- "came wanting paperwork from the truck to go register it." Rapid Towing denied his request for the paperwork because he was not the vehicle's registered owner.

-- When a criminal investigator of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") interviewed Billi American Horse on April 20, 2022, she identified photos of the F-150 as the truck she bought for Brown Bull. In closing argument, the prosecutor noted that Brown Bull used his alias Bustamante to get the truck's paperwork at Rapid Towing the day after the ATF investigator told Billi American Horse he was getting pictures of the truck. "[Y]ou can draw the conclusion that Billi has ti[pp]ed Evan off to what's going on. And Evan is trying to secretly -- by hiding his identity -- avoid getting in trouble with this truck."

-- The ATF investigator also interviewed Angel Bush before he interviewed Billi American Horse. His conclusion -- "after having interviewed hundreds of people throughout my career" -- was that Angel Bush "had no knowledge of the ammunition."

-- The government presented extensive excerpts from Brown Bull's Facebook communications on accounts in the name of Angelo Bustamante. The excerpts contained conversations and photos which, as the ATF investigator explained in detail, revealed Brown Bull's dealings in firearms and ammunition with numerous people the investigator identified as engaged in the illicit trade of firearms. Though the investigator admitted he had reviewed hundreds if not thousands of additional Facebook messages and photos, he testified that the additional messages were "consistent with it being Evan Brown Bull, as evidenced by multiple conversations of him actually meeting up with these individuals."

After the government rested, Brown Bull waived his constitutional right to testify and the defense called no other witnesses. The court denied Brown Bull's motion for judgment of acquittal, and the case proceeded to the jury instructions -- to which there were no objections -- and closing arguments. After less than two hours of deliberations, the jury returned a unanimous verdict finding Brown Bull "guilty of the crime of possession of ammunition by a prohibited person."

After careful review of the trial record, we conclude that the above-summarized evidence, viewed in the light most favorable to the verdict, was sufficient to permit a reasonable jury to find beyond a reasonable doubt that Brown Bull had constructive knowing possession (sole or joint) of the ammunition found in the F-150 glove box. Accordingly, the judgment of the district court is affirmed.

_____