# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1790

_____

United States of America

*Plaintiff - Appellee*

v.

Isaac Roubideaux

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: May 12, 2025
Filed: July 15, 2025
[Unpublished]

_____

Before COLLOTON, Chief Judge, SMITH and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Isaac Roubideaux was convicted of eight separate offenses involving firearms and failure to register as a sex offender, and the district court originally sentenced him to 513 months' imprisonment. In his previous appeal, United States v. Roubideaux, No. 22-2911, 2023 WL 8665006 (8th Cir. Dec. 15, 2023), we affirmed his convictions but vacated his sentence based on procedural errors. On remand, the

district court[1] sentenced Roubideaux to a total term of imprisonment of 360 months. Roubideaux appeals, asserting that his sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Following a shooting during a drug transaction that left the victim paralyzed from the waist down, Roubideaux was charged with eight separate counts: (1) discharge and brandishing of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); (2) assault with a dangerous weapon, in violation of 18 U.S.C. §§ 113(a)(3) and 1153; (3) assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153; (4) failure to register as a sex offender, in violation of 18 U.S.C. §§ 2250(a) and 2250(d)(1); (5) failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a); (6) another count of failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a); (7) possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (8) possession of a firearm by a drug user, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). A jury convicted Roubideaux of all eight counts, after which the district court sentenced Roubideaux to what it stated was a total of 442 months' imprisonment. However, the judgment reflected that the actual sentence imposed was 513 months' imprisonment, consisting of 120 months for Count 1; 71 months for Count 2; 120 months for Count 3; 60 months for Count 4; and 71 months for Count 7, running consecutively to each other and all other counts, with an additional 60 months for Count 5; 60 months for Count 6; and 71 months for Count 8 running concurrently to each other.

Roubideaux appealed his convictions and sentence, and this Court held that the district court committed procedural error because, in imposing the sentence for Count 4, the district court erroneously stated that the sentence must run consecutively to all other counts, rather than correctly acknowledging that it must run consecutively to only Count 5. Further, the district court erroneously used the

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

60-month mandatory minimum for Count 4 to raise the floor of the Guidelines range for grouped Counts 2, 3, 5, 6, 7, and 8, for which the appropriate bottom of the Guidelines range would have been 57 months. We also noted that the district court stated it was imposing an upward variance of 49 months with respect to Count 3 but observed that Roubideaux's total sentence reflected a 191-month upward variance; we tasked the district court with considering on remand whether it intended to impose a variance of this magnitude. Finally, we noted that the judgment did not provide a total sentence, and that the stated sentence of 442 months appeared to have been based on a miscalculation of all the individual sentences. We affirmed Roubideaux's convictions but vacated Roubideaux's sentence and ordered re-sentencing.

On remand, the district court sentenced Roubideaux to a total term of imprisonment of 360 months, consisting of 120 months for Count 1; 120 months for Count 3; 60 months for Count 4; and 60 months for Count 5, with those sentences running consecutively, and 71 months for Count 2; 60 months for Count 6; 71 months for Count 7; and 71 months for Count 8, with those sentences running concurrently with Count 3. In imposing this sentence, the district court varied upward on Count 3 from a 57-71 month range to 120 months based on the seriousness of the offense—assault resulting in serious bodily injury—which left the victim paralyzed. The district court also stated that, with respect to the overall sentence, "there needs to be a further upward variance because . . . this is not the ordinary heartland case," as it involved "one of the most serious bodily injuries resulting from an assault" that the district court had ever seen and that Roubideaux committed the offense as an unregistered sex offender. It thus decided that a 360-month term of imprisonment was sufficient, which it achieved by ordering Counts 1, 3, 4, and 5 to run consecutively, acknowledging that this was a 169-month upward variance from the top of the Guidelines range if it had ordered all the sentences that could be run concurrently to do so.

Roubideaux now challenges the substantive reasonableness of his sentence, asserting that the district court erred when it imposed a further upward variance, but

conceding that the 49-month upward variance on Count 3 was appropriate. "We review the substantive reasonableness of a sentence 'under a highly deferential abuse-of-discretion standard.'" United States v. Madrigal, 136 F.4th 766, 777 (8th Cir. 2025) (citation omitted). "A court abuses its discretion if it fails to consider a relevant factor that should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Cain, 976 F.3d 778, 780 (8th Cir. 2020) (per curiam) (citation omitted).

Roubideaux asserts that the district court abused its discretion by varying upward to extend his total sentence because each of the justifications the district court relied on to support the variance were already factored into the sentence as Count 1 and Count 4 required mandatory consecutive punishments. We disagree. "When the district court imposes a sentence outside the Guidelines range, . . . [we] 'may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" United States v. Luscombe, 950 F.3d 1021, 1031-32 (8th Cir. 2020) (alterations in original) (citation omitted). The district court provided a detailed explanation of why the facts in this case warranted an upward variance, including that Roubideaux shot his own cousin in the back as he was walking away, that Roubideaux left him to die in the street, that the victim was paralyzed due to the shooting, and that Roubideaux committed this offense while he was an unregistered sex offender. This was an appropriate consideration of the relevant sentencing factors, regardless of whether the Guidelines range also considered this conduct. See United States v. Parker, 112 F.4th 621, 623 (8th Cir. 2024) (per curiam) ("While courts must use caution when supporting a substantial upward variance with factors already reflected in the Guidelines, '[f]actors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance.'" (alteration in original) (citation omitted)). Further, "[u]nder [18 U.S.C. § 3584], a district court has the discretion to impose a sentence concurrently or consecutively based on the same § 3553(a) factors as other sentencing decisions." United States v. Boyum, 54 F.4th 1012, 1016 (8th Cir. 2022) (second alteration in

-4-

original) (citation omitted). We are satisfied that the district court's decision to vary upward beyond the variance in the sentence for Count 3 "rest[s] on precisely the kind of defendant-specific determinations that are within the special competence of sentencing courts, as the Supreme Court has repeatedly emphasized." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (citation omitted). The district court thus did not abuse its discretion and did not impose a substantively unreasonable sentence.

Accordingly, we affirm.

_____