# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1281

_____

United States of America

*Plaintiff - Appellee*

v.

Conrad Lyons, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Western

_____

Submitted: October 29, 2025
Filed: November 18, 2025
[Unpublished]

_____

Before SHEPHERD, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Conrad Lyons, Jr. appeals the 120-month sentence imposed by the district court[1] after he pleaded guilty to firearm offenses. His counsel has moved to withdraw

_____

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa.

and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence.

After careful review, we conclude the district court did not abuse its discretion in sentencing Lyons. *See United States v. Parker*, 112 F.4th 621, 622-23 (8th Cir. 2024) (per curiam) (standard of review). When calculating the United States Sentencing Guidelines Manual ("Guidelines") advisory range, the court did not impermissibly "double count" the nature of the firearm by using it both to determine the base offense level and to apply an enhancement under U.S.S.G. § 2K2.1(b)(3). *See United States v. Lee*, 351 F.3d 350, 351-52 (8th Cir. 2003). The court likewise permissibly used Lyons's prior convictions to determine both the base offense level and criminal history category. *See United States v. Thornberg*, 326 F.3d 1023, 1027 (8th Cir. 2003).

Lyons's counsel admits these calculations were consistent with our precedent, but nonetheless argues that "the district court abused its discretion by imposing an unreasonable harsh sentence" after failing to consider whether the cumulative effect of this double counting resulted in a Guidelines range that inaccurately reflected the seriousness of the offense and Lyons's history and characteristics. *See* 18 U.S.C. § 3553(a)(1) and (2)(A). Our review of the sentencing transcript reveals otherwise. In its thorough discussion of both aggravating and mitigating sentencing factors, the district court described Lyon's unlawful possession of a sawed-off shotgun with active shells in public was of "special concern" and his "relentless" criminal history was "extremely concerning" in that prior punishments had not stopped him from committing more crimes. But nothing in the record indicates the weight the district court placed on these factors was in any way "undue." *See Parker*, 112 F.4th at 62. *See also United States v. Thorne*, 896 F.3d 861, 865 (8th Cir. 2018) (per curiam) (stating a district court may consider factors already accounted for in the Guidelines range). We conclude the 120 month sentence, which was within the Guidelines range, was not substantively unreasonable.

Finally, having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we have found no non-frivolous issues for appeal. Accordingly, we affirm the judgment and grant counsel's motion to withdraw.

_____