# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1511

_____

United States of America

*Plaintiff - Appellee*

v.

Lennox Kylan Vanvacter, also known as Lennox Kylan Vanvector

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Central

_____

Submitted: December 18, 2025
Filed: March 6, 2026
[Unpublished]

_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Lennox Vanvacter appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) & (3). On appeal, he asserts the district court[1] erred in denying his motion for judgment of acquittal, erred in admitting

_____

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa.

evidence regarding his prior possession of firearms while excluding testimony indicating he had not been seen in possession of guns, erred in calculating his advisory Sentencing Guidelines range, and erred in applying a "substantial" upward variance. We affirm.

At 3:45 a.m. on July 30, 2023, Officer Corey Kasperbauer initiated a traffic stop of a vehicle Vanvacter was driving, which had a paper sticker plate instead of a formal license plate. Rather than stop, Vanvacter led police on a 19-minute, high-speed chase. The chase ended through use of spike strips and a bump from one of the pursuing patrol cars. When the vehicle came to a stop, Vanvacter jumped over Dinna Vangkham, who was seated in the front passenger seat, and fled out the door. After a short foot chase, Officer Kasperbauer apprehended Vanvacter. A second officer, Victor Slape, recovered a Smith & Wesson 9mm handgun laying on the ground approximately 20 feet from the passenger side of the car. Dashcam footage from a third officer, Sergeant Geoff Miller, showed a dark object flying out of the car and landing in the area where Officer Slape found the gun. The footage did not capture who threw the object.

While in jail and awaiting trial, Vanvacter sent text messages and made phone calls trying to convince Vangkham to take responsibility for the gun. When Vangkham declined, he asked his wife and a friend to pretend to be Vangkham and claim ownership of the gun in an affidavit. At trial, Vangkham testified that she did not throw anything out of the vehicle, nor did she see Vanvacter throw anything. She also told the jury that she did not know a gun was in the car.

A cooperating defendant testified that he gave Vanvacter the gun found by Officer Slape. He also testified that he had seen Vanvacter in possession of other guns on three or four prior occasions. The district court overruled Vanvacter's objection to the testimony regarding his prior possession of firearms. Vanvacter's wife testified that she had never seen the gun recovered by Officer Slape. When Vanvacter sought to elicit testimony from his wife indicating she had not seen

-2-

Vanvacter in possession of any guns, the district court sustained the government's objection.

The jury found Vanvacter guilty. At sentencing, the district court applied a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B), finding Vanvacter possessed the gun while armed and interfering with official acts in violation of Iowa Code § 719.1(1)(f). The district court calculated a Sentencing Guidelines range of 84 to 105 months, found a 39-month upward variance was warranted, and imposed a 144-month term of imprisonment.

While Vanvacter contends the evidence was insufficient to show that he knowingly possessed a gun, an officer's dash cam captured an object flying out of the passenger side of the vehicle. Law enforcement recovered a handgun approximately 20 feet from the vehicle in the direction of the flying object. A reasonable jury could infer the object thrown from the car was the gun. The jury also heard from a witness who testified that he had given Vanvacter the gun found by law enforcement three days earlier. In addition, the jury heard about Vanvacter's attempt to convince his passenger to take responsibility for the gun. And when she declined, Vanvacter tried to convince his wife and friend to prepare a false affidavit. While Vanvacter argues it was impossible or implausible for him, as the driver, to throw the gun out the passenger window, our standard of review is strict. It is the role of the jury, not an appellate court, to judge witness credibility and resolve any conflicts in the testimony. United States v. Brown Bull, 137 F.4th 705, 708 (8th Cir. 2025). The evidence, when viewed in the light most favorable to the verdict, was sufficient to permit a reasonable jury to find beyond a reasonable doubt that Vanvacter knowingly possessed the gun recovered by law enforcement following the traffic stop.

Next, Vanvacter argues the district court abused its discretion when it overruled his objection to testimony about his prior possession of guns and sustained the government's objection to testimony from his wife that she had not seen him with any guns. Federal Rule of Evidence 404(b) prohibits the use of evidence of

"any other crime, wrong or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." We will not reverse a conviction if an evidentiary error was harmless. United States v. Aungie, 4 F.4th 638, 644 (8th Cir. 2021). "An evidentiary error is harmless when, after reviewing the entire record, this court determines that the substantial rights of the defendant were unaffected, and that the error did not influence or had only a slight influence on the verdict." United States v. Garrett, 103 F.4th 490, 496 (8th Cir. 2024) (cleaned up).

We need not decide whether the district court abused its discretion in its Rule 404(b) rulings because the rulings Vanvacter challenges did not affect his substantial rights, nor could they have had any more than a slight influence on the verdict. Ample evidence, including Vanvacter's post-arrest conduct and witness testimony showing when Vanvacter obtained the gun, is sufficient to show knowledge of the gun. Given the weight of the evidence supporting the conviction, any errors in the district court's evidentiary rulings were harmless. See United States v. Love, 521 F.3d 1007, 1010 (8th Cir. 2008) (concluding any evidentiary error was harmless when the government presented overwhelming evidence of the defendant's guilt).

Lastly, Vanvacter challenges the reasonableness of his sentence and contends the district court erred when it calculated his Sentencing Guidelines range. His claim that because the gun was not found on his person, the district court erred when it applied U.S.S.G. § 2K2.1(b)(6)(B) is foreclosed by precedent. See United States v. Green, 70 F.4th 478, 482 (8th Cir. 2023) (explaining being "armed" under Iowa law does not require carrying the firearm). Further, Federal Rule of Criminal Procedure 32(h) does not require notice prior to varying upward from the applicable Sentencing Guidelines range. See United States v. Moore, 683 F.3d 927, 931 (8th Cir. 2012) (noting Rule 32(h) applies to departures, not variances).

Additionally, the record shows that when fashioning the sentence, the district court considered mitigating factors, including Vanvacter's difficult childhood, his history of substance abuse, and that he did not brandish or use the gun, but gave

greater weight to other factors. In particular, the district court found that Vanvacter's conduct was "in a lot of ways" different than the typical felon in possession case, recounting some of the aggravating facts of his offense, including that Vanvacter drove at speeds of up to 112 miles through parts of Fort Dodge and into the country, did not voluntarily stop, and fled on foot after his car was disabled. Further, the court found Vanvacter's criminal history was "off-the-charts aggravating," noting a few months before this offense, Vanvacter fled from law enforcement on two other occasions—once purposely striking a law enforcement vehicle while the officer was inside the vehicle and in another instance, he put his vehicle in reverse and struck a police car. The court placed the most weight on the danger Vanvacter posed to the public and to law enforcement, describing him as a "complete menace to society" with "no indication" at this point that he is about to change.

It is within a sentencing court's discretion to consider factors also used in calculating the Sentencing Guidelines range. See United States v. Manuel, 73 F.4th 989, 993 (8th Cir. 2023). Sentencing courts, however, "must use caution when supporting a substantial upward variance with factors already reflected in the Guidelines." United States v. Dennis, 131 F.4th 913, 917 (8th Cir. 2025) (quoting United States v. Parker, 113 F.4th 621, 623 (8th Cir. 2024) (per curiam)). Here, the district court detailed the reasons for the upward variance and while Vanvacter's Sentencing Guidelines range accounted for some of the circumstances of his offense and his criminal history, the range did not account for all the factors the court found to be relevant sentencing considerations. We cannot find an abuse of the district court's broad sentencing discretion. Nor do we find the 144-month sentence substantively unreasonable.

We affirm the judgment of the district court.

_____